KINGSBURY et al. v. PHILLIPS et al.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 9, 1911.)

1. CORPORATIONS (§ 190*) — STOCKHOLDERS — ACTION ON BEHALF OF CORPORATION.

The owners of one half of the stock of a theater company excluded a stockholder who owned the other half of the stock from participating in the management of the affairs of the company, and dissipated all of the assets of the company, or converted them to their own use, and made it impossible for the company to resume business, and, though requested, refused to recognize the legal existence of the company, or to recognize the other stockholder as such, and refused to hold any meetings of the stockholders to elect directors. Held, that the excluded stockholder had a right to sue to recover the value of the assets so converted for the benefit of the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 190.*]

2. CORPORATIONS (§ 190*)—STOCKHOLDERS—ACTION BETWEEN STOCKHOLDERS.

Where stockholders dissipate or convert the assets of the corporation to their own use, making is impossible for it to resume business, and refuse to recognize the legal existence of the corporation or the rights of a stockholder, such stockholder, if he may not maintain a suit to recover the converted assets for the benefit of the corporation, because it no longer has a legal existence, has the right to recover for the conversion of such part of the assets as was represented by his stock.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 190.*]

3. HUSBAND AND WIFE (§ 210*) — WIFE'S SEPARATE PROPERTY—ACTION—PARTIES.

Sayles' Ann. Civ. St. 1897, art. 1200, provides that a husband may sue, either alone or jointly with his wife, for the recovery of any separate property of the wife, and, in case he fails or neglects to do so, that she may, by authority of court, sue in her own name. A married woman, owning one-half the capital stock of a theater company, brought suit against other stockholders, either for the benefit of the corporation, or, in the alternative, for her own benefit, and joined her husband as plaintiff in the action. Held that, as any judgment would be binding on both the husband and wife, there was no misjoinder of parties.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 210.*]

4. LIMITATION OF ACTIONS (§ 127*)—COMPUTATION OF PERIOD—COMMENCEMENT OF ACTION—AMENDMENT OF PLEADING.

Where an amended petition, in an action by a stockholder against other stockholders to recover for the benefit of the corporation or for himself, assets alleged to have been converted by defendants, was filed November, 1910, and purported to be an amendment of the original petition filed November, 1908, and September, 1908, was the date upon which defendants were alleged to have illegally acquired possession of the assets of the corporation, the action was not barred by the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by Mrs. R. B. Kingsbury and husband against Marvin Phillips and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

L. M. Levy, Mike E. Smith, and Turner & Bradley, for appellants. Q. T. Moreland, for appellees Phillips.

DUNKLIN, J. Mrs. R. B. Kingsbury and her husband, C. E. Kingsbury, instituted this suit against Marvin Phillips, W. E. Phillips, R. J. Stinnett, and the Lone Star Theater Company. By amendment filed later, W. J. Brown was also made a party defendant. Both the petitions are very voluminous and to some extent confusing, and we shall undertake to state only such portions of it as are necessary to a discussion of the assignments hereinafter noted.

According to the allegations in the amended petition, Mrs. Kingsbury is the owner of one-half the capital stock of the Lone Star Theater Company, as her separate property, and the other one-half of the stock is owned and controlled by the defendants Marvin and W. E. Phillips, and R. J. Stinnett, who, together with the defendant Brown, have excluded Mrs. Kingsbury from participation in the management of the affairs of the corporation, and have dissipated all of the assets of that company, or have converted the same to their own use and benefit, thus destroying the object for which the corporation was created, and rendering it impossible for the company to resume its business. The defendants, other than the corporation, although often requested by Mrs. Kingsbury, have refused to recognize her as a stockholder, have refused to recognize the legal existence of the corporation, and have refused to have any meetings of the stockholders for the purpose of electing directors or officers, and have employed the assets and business of the corporation exclusively for their own use and benefit. In the petition it was further alleged that C. E. Kingsbury was in ill health and unable personally to prosecute the suit, and plaintiffs prayed that Mrs. Kingsbury be allowed to prosecute the same; and, further, that a receiver be appointed to take charge of the assets and affairs of the corporation.

Plaintiffs prayed for a judgment, for the use and benefit of the corporation, for the value of the assets so converted by the defendants. In the alternative, plaintiffs prayed for a judgment in favor of Mrs. Kingsbury for one-half the assets converted, in the event it should be held that the corporation, by reason of its dissolution, could not recover. General demurrers and special exceptions urged by the defendants were sustained and a judgment rendered, which was essentially a dismissal of plaintiffs' cause, and from those orders the plaintiffs have appealed.

[1, 2] The allegations noted, if true, certainly show a cause of action in favor of the Lone Star Theater Company against the Phillips, Stinnett, and Brown, if the corporation has not been dissolved, and, under the circumstances alleged, we think the right of appellants to institute and prosecute the suit, for the use and benefit of the corporation cannot be doubted. See Joy v. Ft. Worth Compress Co., 24 Tex. Civ. App. 94, 58 S. W. 174, and authorities there cited. If the corporation no longer has a legal existence by reason of the facts alleged, and if the suit cannot be maintained for its use and benefit, then plaintiffs would have the right to recover for the conversion of such interest in the assets of the corporation as was represented by the capital stock owned by Mrs. Kingsbury.

[3] Some of the special exceptions sustained challenge the right of Mrs. Kingsbury to prosecute the suit in her own name. C. E. Kingsbury joined with his wife as plaintiff in the suit, and, of course, would be bound by any judgment rendered therein. The petition was the pleading upon which a judgment was sought, and, of course, any judgment to be rendered necessarily would dispose of both the husband and the wife. Under these conditions, we are unable to understand the purpose of a prayer that the wife be permitted to conduct the litigation. By article 1200, Sayles' Civil Statutes 1897, the husband may sue, either alone or jointly with the wife, for the recovery of any separate property of the wife, and, in case he fails or neglects so to do, she may by authority of the court, sue for such property in her own name. Certainly no objections could be urged to the fact that Mrs. Kingsbury joined in the suit as a party plaintiff, and if the husband should see fit to permit the wife to take active control of the case we see no reason why she should not do so. At all events, as both husband and wife were plaintiffs, there was error in sustaining the exceptions referred to.

[4] Another special exception sustained presented the statute of limitations of two

years to the plaintiffs' cause of action as alleged. The amended petition was filed November 3, 1910, and purports to be an amendment of the original petition, filed November 20, 1908; September 1, 1908, was the date upon which it was alleged that the defendants Phillips, Stinnett, and Brown illegally acquired possession of the assets of the theater company, and that they illegally disposed of and dissipated all of those assets on or about February 1, 1910. In view of these allegations, we think the court erred in sustaining the plea of limitation as urged by the special exceptions last noted.

By other assignments of error, complaint is made that the court erred in sustaining special exceptions based upon the contention that plaintiffs could not maintain the suit for the use and benefit of the Lone Star Theater Company. Those assignments are sustained for the reasons given already in our discussion of the merits of the general demurrer.

Judgment is reversed, and the cause remanded.