## M. A. JOY v. FORT WORTH COMPRESS COMPANY.

### Decided May 19, 1900.

1. **Corporations—Right of Minority Stockholder to Sue for Misappropriation.**

Where a stockholder in a corporation sued the officers thereof to recover assets misappropriated by defendants holding a majority of the stock, plaintiff alleging that defendants had conspired to obtain full control of the corporation for the purpose of looting it, and that, having obtained such control, they had committed ultra vires acts and fraudulently diverted to their own use large sums of money belonging to the corporation, the petition was not demurrable as failing to show plaintiff's right to bring the suit in his own name, since, under the allegations, an effort on his part to induce the managing officers to sue would have been useless.

2. **Same—Limitation and Laches.**

Where plaintiff, a stockholder in a corporation, had not, for several years, been notified by its officers of any stockholders' meeting, and had not had access to its books and was in entire ignorance of any misappropriation by its officers until a short time before bringing his action to recover for such misappropriation, the mere lapse of time before bringing such suit can not support the defense of limitations.

3. **Same—Same—Recovery on Behalf of the Corporation.**

Where plaintiff, a minority stockholder, sues the officers of the corporation for misappropriation of its funds, with prayer for recovery by the corporation, if that should be deemed necessary, and his petition shows the corporation itself to have been in full control of the conspiracy by which the misappropriation was accomplished, limitation is not available against the right of recovery on behalf of the corporation, which would not be barred by the wrongful failure of its officers to bring such suit in its behalf, even though plaintiff might be individually barred.

Appeal from Tarrant.   Tried below before Hon. W. D. Harris.

*Davis & Garnett*, for appellant.

*A. M. Carter*, for appellee.

Conner, Chief Justice.—The court below sustained three special exceptions to appellant's petition, and dismissed the suit upon his declining to amend. Appellant is a minority stockholder in the Fort Worth Compress Company, and sues for himself and other minority stockholders. Appellees Neil P. Anderson and others own a controlling interest and number of shares in said company, and, in the manner and form set forth in appellant's petition, are alleged to have conspired together for the purpose of wrecking and looting said company, and pursuant thereto to have committed certain ultra vires acts, and to have illegally and fraudulently diverted to their own use large sums of money rightfully belonging to said company, and in which appellant and other minority stockholders were entitled to participate, all of which acts and fraudulent practices are set out at length in the petition. The trial court sustained exceptions to appellant's petition, and, amendment thereto being refused, the suit was dismissed. The trial court held the petition bad on three grounds, overruling all other exceptions thereto, to wit: That appellant "showed no right to sue in his own name;" that it did "not show any reason why plaintiff did not discover the alleged wrongs and sue therefor at an earlier time;" and that it appeared that the relief sought, growing out of a certain lease contract mentioned in the petition, was barred by the statute of limitations.

The petition is very voluminous, and we will not incumber the record by setting it out, but, after careful consideration thereof, we are unable to concur in the conclusion reached by the trial court. Appellant alleges that the wrongs complained of were committed pursuant to a conspiracy on the part of appellees Neil P. Anderson and George H. McFadden & Bro. to acquire full control of the corporation and its assets, which was carried into full effect by the acquisition of a controlling interest of the stock, a part of which was permitted to stand in the name of certain persons, who, with themselves, constituted, by their own vote and procurement, the board of directors and controlling officers, but who are alleged to be mere dummies, without interest, and acting at the dictation of, and in the interest of, said conspirators alone. Under the circumstances alleged, we think appellant's right to institute and prosecute the suit can not be doubted. The law does not require of him the folly of seeking to induce the very persons of whose wrongs he complains to prosecute a suit against themselves. That such effort would have been unavailing in the case before us is indicated in the fact that while the Fort Worth Compress Company was made a party defendant, with an alternative prayer for a recovery in its name if necessary, yet said company, acting through the alleged guilty agents, joins in resisting

a cause of action which, if established, would result in large gains to the corporation. If the allegations of the petition be true, and the court should even permit its controlling officers to conduct the litigation, it would be safe to assume that its result would prove disastrous to the corporation. It is upon such grounds that the right of an individual stockholder to sue in his own name is clearly established as an exception to the general rule requiring the corporation to sue, or an effort on the part of the complaining minority stockholder to induce its managing officers to so do. Becker v. Real Estate Co., 80 Texas, 486; Cates v. Sparkman, 73 Texas, 621; Cowles v. Glass (Texas Civ. App.), 30 S. W. Rep., 293; Kelley v. Collier, 11 Texas Civ. App., 253; Mussina v. Goldthwaite, 34 Texas, 126; 1 Mora. Priv. Corp., secs. 240, 252, 254, 477, 529; 4 Thomp. Corp., sec. 4481; Wait, Insolv. Corp., secs. 72-74; Cook, Stockh., 3 ed., sec. 645, et seq.; Hawes v. Oakland, 104 U. S., 450.

Nor do we think it can be said that the petition is fatally defective on the ground that it did not show any reason why plaintiff did not discover and sue for the alleged wrongs at an earlier time. While it was alleged that plaintiff had been a stockholder for a number of years, yet he averred that he had not been notified of any stockholders' meeting by the alleged conspirators and acting agents of the corporation; that he had not had access to the books of the corporation showing the misappropriations and embezzlements alleged, and in fact was in entire ignorance thereof until August, 1897, when for the first time he was notified of and attended a stockholders' meeting, soon after which this suit was instituted. The relation between stockholders and the managing officers of a corporation is generally, if not uniformly, treated as that of trustee and cestui que trust. In such cases notice of the cause of action must be brought home to the cestui que trust before limitation begins to run. The nonmanaging stockholder is not charged with the duty of examination of the books of the corporation, or of assuming that those who stand to him in the relation of a trustee will so act as to require of him vigilance to prevent wrongful mismanagement and embezzlements. Mere lapse of time in cases as here alleged can not support the defense of limitation. Notice or knowledge of the facts must be brought home to him. In so far as it affects appellant individually, upon allegation and proof by those defending of such notice or knowledge, the statute of limitations might perhaps operate, but the petition unquestionably shows the corporation itself to have been in the full control of the alleged conspiracy. If so, it can not be said that the corporation was barred by the wrongful acts or failure to act on the part of those alone who had right in its name to remedy the wrongs complained of, and plaintiff in his petition prays for recovery, should same be deemed necessary, by the corporation itself. In this connection, see Staples v. Llano Co., 9 Texas Civ. App., 211; Ellis v. Water Co., 4 Texas Civ. App., 66; Oliphant v. Markham, 79 Texas, 543; Cook, Stockh., 3 ed., sec. 731.

We think this conclusion also disposes of the final ground of the

court's ruling as hereinbefore stated. If, under the facts alleged and plaintiff's prayer, the corporation, the Fort Worth Compress Company, as such, was entitled to recover for the benefit of all of its stockholders, on account of the wrongs alleged, and was not barred by limitation, it would be immaterial whether appellant showed himself to be barred or not; but if it be conceded that, as to the relief sought by reason of the alleged wrongs growing out of the lease contract mentioned, appellant shows himself to be barred by limitation, the petition nevertheless alleges many other wrongs continuing to the time of the institution of his suit for which, if entitled to recover at all, limitation would present no impediment to recovery. The suit was not, therefore, properly dismissed on this ground. In this connection, however, we desire to say that, under the facts alleged in the petition, we very much doubt the application of the law of limitation to any part of the relief sought by appellant.

It is insisted, however, in cross-assignments of error, that the judgment should be affirmed because the petition is fatally defective in other particulars, to which exceptions were made and overruled by the trial court. We do not so construe the petition, and therefore overrule the cross-assignments.

For the errors indicated, the judgment below is reversed, and the cause is remanded.

*Reversed and remanded.* ·