MARIA GEISBERG v. ELLEN O'LAUGHLIN.[1]

January 30, 1903.

Nos. 13,316—(75).

#### Publication of Summons—Affidavit of Nonresidence.

In an action against a nonresident defendant, plaintiff's attorney made the proper affidavit to authorize the service of the summons by publication, stating therein, among other essential facts, that the residence of defendant was unknown to the affiant. The trial court found that such residence could have been ascertained by reasonable inquiry, and that the failure to make the same amounted to a fraud in law. It is *held* that the findings of the court in this respect are sustained by the evidence.

#### Action to Set Aside Judgment for Fraud.

An action to set aside a judgment, under G. S. 1894, § 5434, alleged to have been procured by fraudulent practices of defendant and his attorneys, is one of an equitable nature, and the court has the power, and it is its duty, to award such relief therein as the facts in each particular case and the ends of justice may require. The right to have a judgment

---

[1] Reported in 93 N. W. 310.

obtained by such means set aside is not an absolute one, and whether, in any particular case, it should be unconditionally vacated for the fraud of the prevailing party must depend upon the particular circumstances shown. The court may direct the satisfaction of the judgment, compel restitution, or make such other or further order as may be just and equitable.

## Vacating Judgment on Conditions.

It is held in this case that, as defendant would lose certain equitable rights in the property involved in the action if the judgment complained of be unconditionally vacated, the court below should have vacated it conditionally, and upon such terms as would have protected the rights and interests of both parties.

Appeal by defendant from an order of the district court for Hennepin county, Brooks, J., denying a motion for a new trial. Reversed.

*George R. Smith*, for appellant.
*Edwin S. Slater*, for respondent.

BROWN, J.

Action to set aside a judgment on the ground that it was procured by fraudulent practices of defendant and her attorneys. Plaintiff had judgment in the court below, and defendant appealed from an order denying a new trial.

The facts in the case are as follows: In January, 1888, one Stewart was the owner of a tract of land in Hennepin county, and mortgaged the same to one Vianden to secure the payment of the sum of $3,500. The mortgage and the debt secured thereby were thereafter duly assigned to the plaintiff in this action. Subsequent to the execution of the mortgage defendant obtained certain tax titles against the property. On March 9, 1894, in settlement and adjustment of the rights of the respective parties, they entered into a written contract by the terms of which plaintiff agreed to foreclose her mortgage and to convey the property to defendant within ten days after the expiration of the period of redemption if no redemption was made, in consideration of which defendant agreed to execute and deliver to plaintiff a mortgage upon a portion of the property for the sum of $1,850. The writing does not fully set forth the consideration for the agreement, but

it was apparently the result of negotiations between the parties, and in settlement and adjustment of their respective claims and interests in and to the property covered by the mortgage. The trial court, however, found as a fact that the agreement was without consideration and consequently void and unenforceable. Subsequently, by an action brought for that purpose, in which Mrs. O'Laughlin was made a party defendant, plaintiff foreclosed her mortgage as provided by the terms of the agreement, and no redemption was ever made therefrom, the period for which expired on November 23, 1895; but she failed and neglected to convey the premises to defendant, or otherwise carry out the terms of the agreement, whereupon, in February, 1896, defendant brought an action against her to quiet the title to the property, the summons in which was served by publication. A proper affidavit of her nonresidence was made to authorize the publication of the summons, in which it was stated that her residence was unknown, and no copy of the summons was mailed to her. She made no appearance in the action, and default judgment was entered against her on May 19, 1896, adjudging that plaintiff therein, Mrs. O'Laughlin, was the owner of the property in question, and that defendant, Mrs. Geisberg, had no right, title, or interest in or to the same, or any part thereof. During all this time Mrs. Geisberg resided in Europe, and was represented in all transactions involved in this action by her attorney in fact, who resided in Chicago, and Edwin S. Slater, her attorney, who resided in Minneapolis. The trial court found as a fact in this action, and the evidence tends to show, that her residence could have been ascertained by inquiry of her attorney, Slater, or her attorney in fact, Stern; that the negotiations leading up to the execution of the written agreement referred to were had between the attorneys of Mrs. O'Laughlin, who brought the action to quiet the title to the premises, and the said Slater and Stern; that Nunn, one of Mrs. O'Laughlin's attorneys, was expressly informed some time prior to the commencement of that action of the post-office address of Mrs. Geisberg. Upon these facts the court held, and properly so, that the attorneys of Mrs. O'Laughlin were bound to make a reasonable effort to ascertain the post-office address of Mrs. Geisberg,

88 M.—28

and, having failed to do so, in view of the fact that inquiry would have disclosed it, a fraud was perpetrated on her, and the judgment rendered in that action was ordered vacated and set aside. Mrs. Geisberg had no notice of the judgment until May, 1901, a short time prior to the commencement of this action. If the judgment is permitted to stand, Mrs. Geisberg will be deprived of all her rights in the property, and Mrs. O'Laughlin will acquire the same without the payment of the amount agreed to be paid by the terms of the contract between them. If the judgment be vacated and set aside, then Mrs. O'Laughlin will lose whatever rights she may have in the premises under the agreement referred to, as the right of action for its specific performance is barred by the statute of limitations, which right of action accrued ten days after the expiration of the period of redemption from the foreclosure sale, or on December 3, 1895.

The question arises whether the court below should not have imposed such terms, as a condition to setting aside the judgment or permitting it to stand, as would be equitable and just, and protect the rights and interests of both parties. The findings of fact of the trial court are all sustained by the evidence, except that to the effect that there was no consideration for the agreement by which Mrs. Geisberg agreed to convey the property to Mrs. O'Laughlin. It appears from the evidence that the agreement was entered into in adjustment of the conflicting rights and claims of the respective parties. Mrs. Geisberg held a mortgage upon the property, and Mrs. O'Laughlin owned certain tax titles which she agreed to transfer to Mrs. Geisberg at the time the agreement was made. Whether those tax titles were valid, or in fact ever assigned or transferred to Mrs. Geisberg, is not important. The agreement to assign them, and the adjustment of the conflicting rights of the parties in other respects, furnished a sufficient consideration for the contract. Moreover, Mrs. O'Laughlin was made a party defendant in the action to foreclose the mortgage, in which action she made no defense, relying upon the agreement on the part of Mrs. Geisberg to convey the property to her after foreclosure, and all her rights and liens under the tax titles, whatever they were, were merged and cancelled by the judg-

ment in foreclosure. The fact that Mrs. O'Laughlin is a married woman is not fatal to her rights under the agreement. It is true a married woman cannot convey real estate without her husband joining her, but she may purchase such property, and mortgage the same to secure the purchase price; and the mortgage agreed to be given by this contract was in the, nature, at least, of a purchase-money mortgage, and would be valid as such.

An action to set aside a judgment alleged to have been procured by fraud is one of an equitable nature, and the court has the power, and it is its duty, to award such relief as the facts and ends of justice of each particular case may require. Courts of equity have for many years exercised the right by action to vacate and set aside judgments at law when obtained by the fraudulent acts and practices of the successful party. The jurisdiction was denied in the case of Wieland v. Shillock, 23 Minn. 227, but upon the ground that there was an adequate remedy at law, viz., by motion to vacate and set aside the judgment and for leave to defend in the action; and the decision is in accord with authorities generally. Subsequent to that decision the legislature enacted G. S. 1894, § 5434, and by so doing intended to extend to the parties the equitable remedy concurrently with the legal remedy, and either may be resorted to by the defrauded party. The action, when brought, must proceed to trial and determination in harmony with the rules and principles as applied to such cases by courts of equity. Spooner v. Spooner, 26 Minn. 137, 1 N. W. 838. It was said in the case just cited that the remedy given by the statute is given absolutely, and for the purpose of making it effectual it was enacted that the court in which the action was brought shall possess the same powers theretofore exercised by courts of equity in like proceedings, and may enjoin the enforcement of the judgment, direct its satisfaction, compel restitution, or make such other or further order or judgment as may be just and equitable.

The right to have a judgment set aside under the statute for fraudulent practices of the prevailing party is not an absolute one, but whether such relief should be granted unconditionally must depend on the circumstances surrounding each particular case. Where equitable rights of the parties are involved, and by the

vacation of the judgment one is liable to be deprived of his interests in property, courts of equity uniformly impose such terms as a condition to vacating the judgment as will fully protect them. 1 Black, Judg. (2d Ed.) §§ 356, 394.

These principles should be applied to the case at bar, and we think the court below should have imposed such terms as would have fully protected the rights of Mrs. O'Laughlin. Of course, if the learned trial court was right in holding that the agreement on which Mrs. O'Laughlin bases her claim to the property was wholly without consideration, it was entirely correct in vacating the judgment; but we do not concur in this view of that question. A consideration for the agreement was shown, and, as it appears that Mrs. O'Laughlin·had certain rights under it at the time the judgment complained of was rendered, and as such rights would be wholly lost to her by reason of the statute of limitations if the judgment were unconditionally vacated and set aside, she should be given an opportunity to pay Mrs. Geisberg the sum of $1,850 and interest, as provided by the terms of the agreement, within such reasonable time as the court below may fix for that purpose (the time fixed for such payment by the terms of the agreement, had a mortgage been given as there provided, having long since expired), together with all subsequent taxes paid by her, and the costs and disbursements of this litigation; but, if she fails to pay the same within the time fixed and allowed for that purpose, the judgment be unconditionally vacated and set aside. This will result in preserving the rights of both parties, and be consistent with equity and a good conscience.

The order appealed from is therefore reversed, and a new trial granted. No statutory costs will be allowed appellant in this court.

Order reversed.