# ELIZABETH P. CLARK v. GEORGE MARVIN AND ANOTHER.[1]

May 31, 1918.

No. 20,881.

**Judgment — setting aside for fraud — failure to mail copy of summons — concurrent remedies.**

In this action under G. S. 1913, § 7910, to set aside a judgment as obtained by means of fraud on the part of the prevailing party, it is *held*:

(1) A finding that a copy of the summons was not mailed to plaintiff as a defendant in the action in which the judgment was rendered, as stated in the affidavit for publication, and that she had no notice of

[1]Reported in 167 N. W. 1029.

the bringing of the suit until after the judgment was rendered, is sustained by the evidence.

(2) Such failure to mail a copy of the summons amounted to a fraud perpetrated on the defendant in such action, and was a sufficient basis for an action under the statute to set aside the judgment. It is not material that the trial court did not expressly find fraud.

(3) The remedy by motion in the action and the remedy by action under the statute are concurrent and either may be resorted to by the defrauded party.

Action in the district court for Roseau county to set aside a judgment entered against plaintiff in February, 1916, and an execution sale thereunder of real estate. The case was tried before Watts, J., who when plaintiff rested denied defendants' motion to dismiss the action, made findings and ordered judgment in favor of plaintiff and against George Marvin, setting aside the judgment for $294.70 entered against her as defendant on January 13, 1916, but not setting aside the judgment entered against her husband, Robert Clark. From an order denying their motion for judgment notwithstanding the verdict for a new trial, defendants appealed. Affirmed.

*Alexander Fosmark,* for appellants.

*Hiram A. Libby* and *E. M. Heimbach,* for respondent.

BUNN, J.

In 1914 plaintiff and Robert Clark, her husband, lived in the village of Warroad, Minnesota. He owned lots 1 to 6 inclusive in block 2 of an addition to the village, and plaintiff owned lots 7 to 12 inclusive, in the same block, adjoining the lots owned by her husband. A house on lots 1 and 2 was destroyed by fire, and Robert Clark purchased lumber of defendant Marvin to build a new house on lots 1, 2 and 3. The Clarks moved to North Dakota, leaving a balance of the lumber bill unpaid. In January, 1916, judgment was entered against Robert Clark and Elizabeth Clark, his wife, in a suit brought by Marvin to recover the unpaid balance of the lumber bill. The lots of Robert Clark and those belonging to plaintiff were attached, and the summons served by publication. At this time the Clarks lived at Voltaire, North Dakota, and the affidavit for publication stated that a copy of the summons had been mailed to

them there. Execution was issued on the judgment, and the lots belonging to Elizabeth Clark, as well as those of her husband, were thereafter sold on execution sale to defendant Algoma Farm Land Company. This was in February, 1916.

This action was brought to set aside the judgment as against plaintiff, and the execution sale of her lots. The ground upon which this relief was asked was that the copy of the summons mailed to Robert Clark at Voltaire did not contain the name of Elizabeth Clark as a defendant, but showed that the action was brought against Robert Clark alone. The claim of plaintiff is that this amounted to a fraud perpetrated on her and that she is entitled to maintain this action under G. S. 1913, § 7910. The trial court found that a copy of the summons was not mailed to Elizabeth Clark, and that the copy mailed to her husband did not contain her name as a defendant. While not finding in so many words that this constituted a fraud, the court granted the relief asked. Defendants appeal from an order denying their motion for judgment or for a new trial.

The finding that the summons in the action was not mailed to the plaintiff in this action is sustained by the evidence. Plaintiff's testimony is clear and positive to the effect that the only copy of a summons received was the one addressed to her husband, and that he alone was the defendant in the action according to such copy.

Defendants contend that the failure to mail to plaintiff a copy of the summons, as the affidavit for publication stated had been done, did not amount to a fraud which authorizes an action to set aside the judgment under the statute. The case of Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310, is conclusive against this contention. There the affidavit for publication stated that the residence of defendant was unknown, but the evidence showed that inquiry would have disclosed such residence. The conclusion of the trial court that this amounted to a fraud perpetrated on defendant, and was sufficient to warrant setting aside the judgment in an action brought under the statute, was sustained by this court. No valid distinction can be drawn between an affidavit stating that the residence of defendant is unknown, where it is not, or where inquiry would disclose it, and one where the affidavit states that a copy of the summons has been mailed, where it has not been. Nor do we consider it important

that the court failed to find fraud in so many words. It is not a case where it was necessary to prove active fraud, or an intent to defraud, on the part of the plaintiff in the action, but simply some act or omission in acquiring jurisdiction that prevented defendant from acquiring notice of the action, from interposing a defense, and litigating the case on the merits. The evidence is that plaintiff in the present action did not discover that she had been sued until a friend called her attention to the fact that her lots were being advertised for sale under the execution. This amounted to a fraud perpetrated upon plaintiff, whether the omission to mail her a copy of the summons was intentional or the result of accident or carelessness. It was not necessary to find expressly that there was fraud.

Defendants further contend that plaintiff's exclusive remedy was by motion in the action. This would be so, if a fraud had not been perpetrated on her. But where there is fraud, it is well settled that the remedies by action under the statute and by motion are concurrent, and that either may be resorted to by the defrauded party. Geisberg v. O'Laughlin, supra. Cremer v. Michelet, 114 Minn. 454, 131 N. W. 627. The case last cited is relied on by defendants in support of their claim that plaintiff's remedy by motion was exclusive, but it is clearly stated in that case that the remedy by an action is open in cases of fraud, as well as in cases where no jurisdiction was acquired. Even if we concede that jurisdiction was acquired in the present case, the defendant in the action was defrauded, in that she was prevented from appearing and litigating the case on the merits.

Order affirmed.