**BILBY, Adm'r, et al. v. MORTON et al.**

No. 14751—Opinion Filed May 12, 1925.

Opinion Withdrawn Sept. 22, 1925.

Refiled May 18, 1926.

1. **Limitation of Actions—Action for Fraud —Time for Discovery of Fraud—Question of Fact.**

The question as to when fraud is discovered, or could, with reasonable diligence, have been discovered, under the third subdivision of section 185, Comp. St. 1921, is one of fact to be determined from the relation of the parties the nature of the acts involved, and all the facts and circumstances of the particular case.

2. **Corporations — Stockholders' Action — Laches as Defense.**

Laches is a defense only when the stockholder, with full knowledge of the facts, has delayed an unreasonable length of time in bringing his action. These two elements, knowledge and delay, are the essential elements of the defense. Until the stockholder has full and complete knowledge of all the essential facts which would be likely to induce him to institute the action, the beginning of time from which laches will run cannot be said to commence. Endicott v. Marvel, 81 N. J. Eq. 378.

3. **Same—Judgment—Res Judicata—Former Adjudication Between Corporation and Officers.**

The matters and facts adjudicated between a corporation and its officers as codefendants in a creditor's suit to discover property belonging to the corporation, but held by the officers in their individual names, are res adjudicata between said corporation and said officers in an action on behalf of the corporation, by a minority stockholder, and on behalf of himself, asking for an accounting, the appointment of a receiver, and the liquidation of the corporation.

4. **Same—Stockholder's Action for Accounting and Liquidation—Receivership.**

In an action for an accounting and for liquidation of the inactive corporation by a minority stockholder on behalf of said corporation and on behalf of himself against defrauding officials of said corporation, it is proper for the court to appoint a receiver, under article 19, chap. 3. Comp. St. 1921, to take possession of the affairs of the said corporation, where the evidence shows mismanagement and fraud on the part of the officers.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by John Morton, a minority stockholder, on behalf of the Indian Land & Trust Company, a corporation, and on behalf of himself, against N. V. Bilby, as administrator of the estate of John S. Bilby, deceased, N. V. Bilby and R. I. Bilby, for an accounting as officers of the Indian Land & Trust Company, a corporation, and for liquidation of said corporation. Judgment for plaintiffs, and defendants appeal. Affirmed.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiffs in error.

W. W. Noffsinger and A. L. Harris, for defendants in error.

PER CURIAM. This case was decided by this court in an opinion by Commissioner Threadgill, filed May 12, 1925. On September 22, 1925, the opinion was withdrawn, and on October 27th the cause was submitted to the court on oral argument.

After a full review of the case and the authorities submitted thereon, the former opinion filed in this court May 12, 1925, is readopted and ordered refiled:

Opinion by THREADGILL, C. This action was commenced October 24, 1919, by John Morton on behalf of the Indian Land & Trust Company, a corporation, and on behalf of himself, a minority stockholder, as plaintiffs, against John S. Bilby, N. V. Bilby and R. I. Bilby, as defendants, for an accounting of the Bilbys as the officers of the corporation and liquidation of the same. While the action was pending John S. Bilby died and the action against him was revived in the name of N. V. Bilby, as administrator of his estate, and on December 15, 1920, plaintiffs filed their second amended petition, in which they stated, in substance, that the Indian Land & Trust Company was a corporation, organized November 20, 1901, under the laws in force in the Indian Territory, with its principal place of business in Muskogee; that the Bilbys had been the officers of the company

since 1902, and owned two-thirds of the stock; that John Morton became a stockholder about January 1, 1904; that said John Morton's residence was in St. Louis until 1905, when he moved to Atlanta, Ga., where he has resided since that time; that besides paying for his stock in cash he had furnished the said company from $40,000 to $50,000 as his part of the operating expenses; that the officers of the company had used the money of the company in buying and leasing lands, and had taken the title in their individual names and had used the same for their own benefit instead of the use and benefit of the company, and by their mismanagement of the company and misappropriation of its funds, had caused it to be insolvent; that they had failed to keep books for the company, and plaintiff had not been able to determine what lands were bought and leased with the company's money till a suit of discovery was had by R. L. Owen in 1917, wherein it was revealed that the lands described in said action and in this action were lands belonging to said company; that the said company is mismanaged by its said officers and has not been a going concern for a long time, and a receiver should be appointed to wind up its business and distribute its assets. The corporate existence and officers of the company were admitted and the issues joined on the other facts stated by the answers of the Bilbys and the answer of the company by the Bilbys as its officers. The cause was tried to the court and the following judgment was rendered:

"Now on this 25th day of September, 1923, the court of its own motion hereby vacates and sets aside its order made herein on the 22nd day of September, 1923, on account of errors of the court made at said time in making said order and this cause coming on for further hearing upon the report of the referee filed herein on the 12th day of June, 1923, and the exceptions thereto by plaintiff and defendant, and the exceptions of the defendant are hereby sustained, to which the plaintiff excepts and the said report is hereby disapproved.

"The cause coming on for further hearing upon the pleadings, and the evidence taken prior to the appointment of a referee herein, and the evidence taken before said referee, and the report of said referee, defendants excepting to a consideration of the evidence taken before said referee, the plaintiff and defendants appearing by their respective counsel, and the court finds that the Indian Land & Trust Company is the owner of the equitable title to lands described in plaintiff's petition and hereinafter described, and the legal title to part of said lands is in the name of N. V. Bilby, and the remaining lands in the name of John S. Bil-

by, now deceased, as well as other property and assets, real and personal, all of which is in the possession of N. V. Bilby, as administrator of the estate of John S. Bilby, deceased, and N. V. Bilby individually.

"That certain equities may exist between the said defendants, N. V. Bilby and the estate of John S. Bilby, deceased, on the one hand and the Indian Land & Trust Company on the other as to the interest which each may have in said lands, which said interest and equities can only be determined by an accounting had between said N. V. Bilby and the estate of John S. Bilby, deceased, and the Indian Land & Trust Company.

"That the said lands above referred to are described as follows: (Same as in petition, omitted here.)

"And it further appearing to the court that there is in the possession of the defendants, N. V. Bilby, administrator of the estate of John S. Bilby, deceased, and N. V. Bilby, individually, all of the property and assets of the Indian Land & Trust Company, and by virtue of R. I. Bilby and N. V. Bilby being officers of said corporation, are keeping and holding all of the assets of said Indian Land & Trust Company, and using the same for their own personal use and benefit and not for the benefit of the corporation, and refusing to account and settle up the affairs of said corporation, and are in full control of the Indian Land & Trust Company and appear in this action for the Indian Land & Trust Company, that a receiver should be appointed to take charge of all the books, papers, moneys, assets, personal property, real estate, and handle the affairs of said corporation. To each and every of such findings, the defendants and each of them except.

"The court further finds that a motion for new trial, filed by the defendants herein on June 14, 1921, should be overruled.

"It is therefore considered, ordered and adjudged by the court, that the report of the referee, James W. Cosgrove, filed on the 12th day of June, 1923, be, by the court disapproved.

"And it is further ordered and adjudged by the court, that the motion for new trial, filed herein by the defendants, on the 14th day of June, 1923, be overruled, to which the defendants except and give notice of appeal in open court, and ask that the same be spread on the minutes and records of the court.

"It is further considered, ordered, adjudged and decreed, that the Indian Land & Trust Company, a corporation, be and it is hereby declared to be the owner of the equitable title in and to the following described real estate, heretofore described, subject to such equities as may exist between the parties as may be determined by

an accounting. To all of which each of the defendants except. ·

"It is further ordered, and adjudged by the court, that Thomas Anglin of Holdenville, Hughes county, Okla., be and he is hereby appointed receiver of said defendant, the Indian Land & Trust Company, and hereby ordered to immediately take into his possession and under his control all the property and assets, real and personal, books, papers, and all evidence of indebtedness to the Indian Land & Trust Company, within the State of Oklahoma, and to collect, hold and manage the assets of said corporation, and to protect the property thereof, under the orders of this court and to make report of proceedings hereunder, to all of which each of the defendants excepts.

"It is further ordered that said receiver, before entering upon the discharge of his duties, execute an undertaking in the sum of $2,500 conditioned as provided ·by law, and also file herein his oath as receiver, as provided by law.

"Done in open court at Muskogee, Muskogee county, Okla., this 25th day of September, 1923, and the further hearing of this cause at this time is continued until set down for hearing by the court, to all of which the defendants except."

To reverse this judgment defendants have brought the case here for review.

1. They contend that the court erred in holding the action not barred by the statute of limitation and by laches. In considering this question, it must be observed that the Indian Land & Trust Company has never been dissolved. It has been inactive for a long time. It is powerless to act for itself because it is in the hands of its officers, who claim it is insolvent and yet who failed to wind up its business. When this action is brought on behalf of the corporation by a minority stockholder, its said officers appear and answer for it and resist liquidation. The acts complained of are that the company is insolvent by reason of the misappropriation of its funds by its officers; that they have taken the funds of the company and invested the same in lands in their own names, for their own use and benefit, instead of the company, and that they have made no record of these acts on the books of the company; that they have concealed these acts from the minority stockholder; the books were kept by the defendant Bilbys, and the corporation was in their exclusive charge and the management and the books at no time showed the true condition of the company's affairs, but were kept by them so as to conceal its true status; that John Morton was a resident of St. Louis till 1905, then moved to Atlanta, Ga., where he has resided ever since; that he was a director of the company during the year of 1902, and then resigned and has never been an officer since; that if he was elected vice president of the company at any time, he never was notified and he never acted in that capacity, and he could not have been elected to such office as he was not a director after 1902; that he had the utmost confidence in the honesty of the Bilbys as officers of the company, and did not discover the fraudulent and concealed acts in using the funds of the company in buying and leasing lands for their own use and benefit until January 1, 1918, when he was informed of the result of the suit of R. L. Owen, discovering the lands and property of the company in the possession of the Bilbys and in the name of the Bilbys, and he then commenced the work of bringing this action. He did not examine the books of the company in 1904, to determine the honesty and good faith of the Bilbys in the management of the company, but to obtain certain facts in the controversy between him and R. L. Owen, and he had no occasion to suspicion wrongdoing on the part of the Bilbys, and the books did not disclose any of the fraudulent acts. The Bilbys had deceived him in regard to the true condition and value of the leases by writing him that said leases were void and of no value, and they caused him to put up other money by telling him the company could not further operate without funds; that as a matter of fact the leases were valuable and were held by the Bilbys and used to their own profit, and the money he placed in their hands for the company they used in the same way. The record further shows that there has been no change in the relation of the parties or their property and no damages can result by delay of the action. The corporation still exists and the Bilbys are still the officers and claim they own the property involved, and the action was brought while all parties were still living.

The testimony of John S. Bilby, deceased, taken in the Owen Case and involving the same property, as in this case, was of record and much of it introduced as evidence in this case and much of the evidence and records in the Owen Case were introduced as evidence in this case. The decision in the Owen Case became final in November, 1917, and the same determined that the Bilbys fraudulently appropriated to their own use and profit the assets of the Indian Land & Trust Company and concealed the same and the lands were discovered and plaintiff was informed of these matters

about January 1, 1918, and commenced this action October 24, 1919, thereafter.

The limitation of actions for relief on the ground of fraud is governed by the last provision of the third paragraph of section 185, Comp. St. 1921, and reads as follows:

"Within two years: * * * An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

Defendants contend that "discovery of the fraud" means the time when the plaintiff by reasonable diligence could have discovered the fraud and, as applied to the facts of this case, the fraud complained of could have been discovered in 1904, when plaintiff was permitted to examine the books and had them in his possession for this purpose, and, at any rate, he could have discovered the facts he relies on as fraud long before the Owen suit, and he was guilty of laches for not doing so. On the other hand the plaintiff contends that the acts of fraud were concealed from him; that the misappropriation of the company's funds was not recorded in the books of the company, and at the time he examined the books it was for the purpose of obtaining information in a controversy between himself and R. L. Owen, and he had the greatest confidence in the officers of the company and especially since their sworn official statements at that time and in 1905, showing that the company was solvent and a going concern; that he had a right to rely upon the integrity of the officers and the verified official reports made by them although he was deceived thereby.

The question as to when the fraud is discovered, or could, with reasonable diligence, have been discovered, is one of fact to be determined from the relation of the parties, the nature of the acts involved and all of the facts and circumstances of the particular case. There is practically no difference in the statement of facts in this case as to how the Bilbys misappropriated the funds of the company and the facts in the case of the Indian Land & Trust Company et al. v. Owen, 63 Okla. 127, 162 Pac. 818, and the same defense of limitation and laches was made in that case as in this, and the court, after reviewing the facts and the authorities applicable, lays down the rule as follows:

"The question whether a claim will be held to be stale in equity must be determined by the facts and circumstances in each case and according to right and justice. What constitutes a stale claim is not determined by lapse of time alone; resulting damage to the other party must also be shown."

The Indian Land & Trust Company could not discover and reveal the fraud of its officers because it could only speak through them and it was at all times in the hands of its defrauding officers, and the plaintiff, John Morton, the minority stockholder, could not discover the fraud from the books of the company because the books were kept by the said officers, and the acts of mismanagement and of the fraud were not kept in the books, and he was a nonresident of the state where the company operated, and the law did not require him to search for fraud and mismanagement of the company's business and presume wrongdoing on the part of its officers, but rather required him to presume honesty and fair dealing on their part.

2. The rule applicable as to laches and limitation for reasonable time in which to bring the action after the facts of fraud have been discovered, in the case of Endicott v. Marvel, 81 N. J. Eq. 378, where certain of the stockholders brought the action for the benefit of the corporation, as in the instant case, and the question of laches was interposed as a defense, is stated as follows:

"Laches is a defense only when the stockholder with a full knowledge of the facts has delayed an unreasonable length of time in bringing his action. These two elements, knowledge and delay, are the essential elements of the defense. Until the stockholder has full and complete knowledge of all the essential facts which would be likely to induce him to institute the action, the beginning of the time from which laches will run cannot be said to commence."

Fletcher, Ency. Corp. vol. 6, sec. 4070, states the rule, based upon many authorities, as follows:

"A suit to relieve the corporation from fraudulent abstractions of its funds by officers is one for relief on the ground of fraud, as to which the bar runs from the time of discovery and the existence of a competent person to sue; and one stockholder is not barred because another discovered the fraud earlier and is chargeable with laches, nor is the bar complete against the corporation so long as it is under disability to sue by reason of the delinquents' control." Also vol. 4, sec. 2702, same author.

"Generally, where the cause of action is not based upon a statute, the cause of action begins to run from time of the alleged wrongful act or omission, subject to the exception that ordinarily, in case of fraud or concealment, the statute does not

begin to run until discovery of the wrongful conduct, or the lapse of time after when it should have been discovered in the exercise of reasonable diligence, and subject to a further exception where the offending directors are in control, in which case the statute does not begin to run until they cease to be directors."

See, also, Cook on Corporations (5th, Ed.) section 731; Miner v. Belle Isle Ice Co., 93 Mich. 97, 53 N. W. 218, 17 L. R. A. (N. S.) 412; Brinkerhoff v. Roosevelt, 143 Fed. 478; Cooper v. Hill, 74 Fed. 590; Cutting v. Woodward, 255 Fed. 633; Farwell v. Pyle National Electric Light Co., 289 Ill. 157, 124 N. E. 499; 10 A. L. R. 363.

We must, therefore, conclude, from the facts and circumstances of the case and the law applicable to the same, that the defense of limitation and laches is not tenable and the court committed no error in holding the action within the bar of the statute and not subject to defeat by laches.

3. Defendants further contend that the court erred in not finding, under the evidence, that the real estate described in the petition was taken by the Bilbys under the agreement to that effect with all the then stockholders of the company. Plaintiff contends that this proposition is without merit because the judgment in the Owen, discovery suit, supra, was res adjudicata between the Bilbys and the Indian Land & Trust Company and that the Bilbys were estopped by said judgment to deny the facts as found in the same. The defendants argue that the Indian Land & Trust Company and the Bilbys were not adversary parties in that action, but that they were both defendants and made so by the plaintiff, but it must be observed that adversary parties in an action are to be determined by the facts and issues involved rather than by the form of the action. A party is often made a defendant in form when he should be plaintiff in a case. Where he refuses to be a party plaintiff, or if the circumstances are such that he cannot be made a party plaintiff, then he may be made a party defendant and required to answer. In, this cause R. L. Owen, the party plaintiff, being the judgment creditor, could not make the Indian Land & Trust Company a party plaintiff with him, because the action was not brought in the interest of said company and it could only be represented by its officers, and the facts upon which the issues joined made the said officers and the company they represented adversary parties, although the officers denied that they had any property that belonged to

said company and they made the company deny the same thing.

The evidence shows that the officers of the company took $16,800 of its funds and invested the money in the purchase of lands, the description of which was given, and that instead of taking the deeds to this land in the name of the company, they took it in their own names and they had been using it for their own profit since 1904, and the court in its judgment found these facts to be true and decreed that the said real estate was the property of the defendant, the Indian Land & Trust Company, all of which clearly showed that the Bilbys and the trust company were adversary parties in fact, if not in form, and the adversary facts upon which issues were joined, between them, by the judgment of the court, were adjudicated and worked an estoppel against the Bilbys to deny the facts of the judgment where suit is brought on behalf of the company. We think this the general rule to be followed.

In the case of Southern Minn. Ry Co. v. St. Paul, 55 Fed. 690, Judge Thayer in the syllabus of the case states the rule as follows:

"The estoppel arising from a finding in a previous suit between the same parties is not confined to matters purely of fact, or of mixed fact and law, but extends to a decision of the legal rights of the parties on a state of facts common to both suits, although the causes of action are different."

The opinion quotes with approval Outram v. Moorewood, 3 East, 346, the rule being as follows:

"It is not the recovery, but the matter alleged by the party and upon which the recovery proceeds, which creates the estoppel. * * * The estoppel precludes parties and privies from contending to the contrary of that point or matter of fact which, having been once distinctly put in issue by them, * * * has been, on such issue joined, solemnly found against them."

In support of their contention the defendants have cited the following Oklahoma cases: Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; DeWatteville v. Sims, 44 Okla. 708, 146 Pac. 224; Henthorn v. Tidd. 63 Okla. 280, 164 Pac. 783; Smith v. Braley, 76 Okla. 220, 184 Pac. 586; and cases from other states; but an examination of these cases shows that they are not in conflict with the rule above announced.

4. Defendants further contend that the court erred in appointing a receiver to take charge of the affairs of the company and collect, hold and manage its assets under

the orders of the court. This contention is based upon the defense of limitation and laches, which we have already considered and found to be without merit.

We think the facts and circumstances of the case are sufficient to justify the appointment of a receiver under article 19, chapter 3, Comp. St. 1921. Finding no error in the proceedings of the trial court, we recommend that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 943. (2) 14 C. J. p. 938; anno. 10 A. L. R. 370; 7 R. C. L. pp. 321,492; 2 R. C. L. Supp. p. 397; 4 R. C. L. Supp. 486, 487. (3) 34 C. J. p. 1027 (1926 Anno). (4) 14a C. J. p. 949.