## FRANK F. LENHART v. LENHART WAGON COMPANY AND ANOTHER. JOHANNA AND ROY F. LENHART, RESPONDENTS.[1]

April 25, 1941.

No. 32,645.

[1]Reported in 298 N. W. 37.

*George C. Stiles* and *F. J. Donahue,* for appellants.

*Christensen & Johnson* and *I. K. Lewis,* for respondents Johanna Lenhart and Lenhart Wagon Company; *Lew C. Church,* for respondent Roy F. Lenhart; and *Lewis, Grannis & Underhill,* of counsel.

HILTON, JUSTICE.

This appeal is from an order denying a motion of a minority stockholder, made on behalf of a corporation, to set aside for fraud a default judgment obtained against it by its principal director, stockholder, and officer.

On demurrer to the moving papers these facts appear. The Lenhart Wagon Company, a family corporation, in 1930 owed its president, Frank F. Lenhart, director and chief stockholder, $18,000 for back salary. Through the issuance of 180 shares of stock, this indebtedness was compromised. In addition to the father, participating in this settlement were Roy F. Lenhart, a son who was a director-stockholder serving as treasurer, and Alfred A. Lenhart (movant here), another son who was a director-stockholder serving as secretary and vice-president. Thereafter, Alfred left the corporation as a result of misunderstandings with his father. Frank H. Lenhart, another son, was qualified as director and superseded Alfred as secretary, Roy becoming vice-president and treasurer.

In 1936 an action was commenced by the father against the corporation for this back salary with service upon Roy. For want of an answer, a default judgment for $24,350.25 was taken against the corporation, representing salary and interest. Execution followed, and the assets of the corporation, real and personal, were sold in partial satisfaction of the judgment, the father buying in at the sale.

The moving papers further aver that the father and Roy, acting in pursuance of a conspiracy to defraud the corporation, fraudulently failed to assert valid defenses to the action, *i. e.*, the previous compromise and the statute of limitations, and, further, that they failed to notify anyone else financially or beneficially interested. Continuing with averments that the property had a value far in excess of what it brought on execution, Alfred, on behalf of the corporation, seeks to set aside the default judgment with leave to answer the pretended cause of action of the father. Further averred is the death of Frank F. Lenhart, the father, on September 6, 1939, testate. Alfred was specifically disinherited. All his property was left to his wife and his other sons and daughters. The wife, Johanna, and Roy were named executors. The executors and the corporation, through resolution, unite their efforts to resist the motion of Alfred. It was in connection with the investigation of the father's will in January, 1940, that Alfred was first apprised of the manipulations above related.

The motion was made under the authority conferred by 2 Mason Minn. St. 1927, § 9405; Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310; Clark v. Marvin, 140 Minn. 285, 167 N. W. 1029. So far as material, § 9405 provides:

"Any judgment obtained in a court of record by means of * * * any fraudulent act, practice, or representation of the prevailing party, may be set aside in an action brought for that purpose by the aggrieved party * * * within three years after the discovery by him of such * * * fraud."

In denying the motion the trial court concluded that from facts appearing on the books the corporation was charged with notice of the fraud "which resulted in the failure to interpose an answer" and all other steps in its consummation. Since the fraud had been discovered more than three years before the motion, the corporation was barred from challenging the judgment.

Questions presented by this appeal are: (1) Was this judgment obtained by a fraudulent act or practice of the prevailing party;

(2) who was the "aggrieved party" within the statute; (3) when was there a discovery of the fraud; and (4) to what extent does the doctrine of imputed notice apply to these facts?

■ Doubtless there were sufficient averments of fraud to bring the case within the condemnation of the statute. The assertion by the father of a claim against a prostrate corporation, already satisfied and largely barred by limitations, in pursuance of a conspiracy to defraud adverse interests, was an "act or omission * * * that prevented defendant from acquiring notice of the action, from interposing a defense, and litigating the case on the merits." Clark v. Marvin, 140 Minn. 285, 288, 167 N. W. 1029, 1030; In re Estate of Jordan, 199 Minn. 53, 60, 271 N. W. 104; In re Estate of Woodworth, 207 Minn. 563, 568, 292 N. W. 192, 194.

■ Where a stockholder is asserting a right which, analytically speaking, belongs to a corporation, who then is the "aggrieved party" within § 9405?

Statutory provisions like 2 Mason Minn. St. 1927, § 9191(6), that a cause of action for fraud shall accrue with the "discovery by the aggrieved party of the facts constituting the fraud," have furnished the basis for most of the judicial consideration of this problem. In result, the cases are fairly unanimous that statutes requiring a "discovery" will not be so applied or construed as to defeat a derivative suit by the stockholder. The effect of several decisions is to regard the stockholder proceeding on behalf of the corporation as the "aggrieved party" whose knowledge or discovery of the facts is essential. Morgan v. King, 27 Colo. 539, 63 P. 416; Johnson v. United Railways Co. 243 Mo. 278, 147 S. W. 1077; Mencher v. Richards, 256 App. Div. 280, 283, 9 N. Y. S. (2d) 990, 996, concurrence of Davis, J.; Bilby v. Morton, 119 Okl. 15, 247 P. 384; Brooks v. Zorn (Tex. Civ. App.) 24 S. W. (2d) 742; Conrads v. Kasch (Tex. Civ. App.) 26 S. W. (2d) 732. Contrariwise, other decisions say that the laches of the particular stockholders bringing suit does not reflect to the disadvantage of other stockholders. Whitten v. Dabney, 171 Cal. 621, 154 P. 312. But even California recognizes that, since it is the corporation which has suffered the

wrong, the real inquiry in this type of case goes to the charge-ability of the corporation with knowledge of the fraud. See Earl v. Lofquist, 135 Cal. App. 373, 376, 27 P. (2d) 416; Fleishhacker v. Blum (9 Cir.) 109 F. (2d) 543, 548. The New York statute of limitations contains the word "plaintiff" in a usage similar to "aggrieved party" in § 9191(6). The court in Mencher v. Rich-ards, 256 App. Div. 280, 9 N. Y. S. (2d) 990, concluded that "plain-tiff" in a derivative suit referred to the corporation. Under that view, whether the particular stockholder is barred by laches from asserting a right on behalf of the corporation may well be im-material. Joy v. Fort Worth Compress. Co. 24 Tex. Civ. App. 94, 58 S. W. 173; Goldberg v. Berry, 231 App. Div. 165, 247 N. Y. S. 69.

Those cases which regard the corporation as the "aggrieved party" are consistent with principle and· accord with our own views. Since Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89, the rule has been established that only those who have participated in the proceedings so as to become parties can regard themselves as "aggrieved" within § 9405. This rule has been limited to *in per-sonam* actions. Murray v. Calkins, 191 Minn. 460, 466, 254 N. W. 605; *cf.* Murray v. Calkins, 186 Minn. 192, 200, 242 N. W. 706, 709. Here, certainly, the corporation, as defendant in the action by the father, was the "aggrieved party" within the statute. Further-more, the whole theory of this proceeding is that Alfred is pro-ceeding on behalf of the corporation to rectify a wrong done to it. See Fleishhacker v. Blum (9 Cir.) 109 F. (2d) 543, 548; *cf.* Keough v. St. Paul Milk Co. 205 Minn. 96, 123, 285 N. W. 809.

■ It then becomes necessary to consider the circumstances which will charge the corporation with such knowledge of the facts of fraud as will constitute a "discovery" within the statute. Par-ticularly is this necessary to establish because action within three years after knowledge of the fraud is a condition precedent to re-lief under § 9405. Murray v. Calkins, 191 Minn. 460, 254 N. W. 605.

Certainly there has been no discovery where those in charge of the corporation through their involvement in the deception effec-

tively prevent redress of the fraud. Reid v. Robinson, 64 Cal. App. 46, 220 P. 676; Whitten v. Dabney, 171 Cal. 621, at page 629, 154 P. 312. The averments in the moving papers present a strong case for the application of this rule. Since the knowledge of those attempting to defraud the corporation should not be imputed to it, Bailey v. Jacobs, 325 Pa. 187, 202, 189 A. 320, the only knowledge which "may be imputed to the corporation is that acquired by its stockholders as a class." Mencher v. Richards, 256 App. Div. 280, 282, 9 N. Y. S. (2d) 990, 993.

This approach to the problem should be contrasted with that which prevailed below and which is urged here. Because the books of the corporation contained facts from which an informed corporation might conclude that fraudulent practices were being indulged, this corporation was aware of the fraud. That the corporation was in the adverse possession of conspiring directors to an extent inconsistent with self-defense seems not to have been a consideration worthy of mention. Indeed, other ingenious theories are advanced by respondents in an effort to establish conclusively that the corporation was amply informed.

Implicitly, this reasoning rejects the principle that a corporation is merely the stockholders acting in group capacity with corporate personality. 1 Morawetz, Private Corporations (2 ed.) § 1; Stevens, Corporations, §§ 2, 3. It substitutes instead the view that a corporation is something apart from and having no relation to the stockholders existing as a fictitious entity in contemplation of law. Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 636, 4 L. ed. 629. But this court has rejected that metaphysical approach to the law of corporations. A "corporation is not a person" but "is in simple fact a legal unit * * * endowed by its creator with many of the rights and attributes of persons." In re Trust Under Will of Clarke, 204 Minn. 574, 578, 284 N. W. 876, 878. A recognition of the "dominant fact that the corporation was but another self" of the stockholders goes far toward justifying the result here to be reached. (*Id.* p. 577.) The proponents of the rule that knowledge was imputed to a fictitious entity

simply ignore the plain fact that, aside from creditors, Alfred was the only other person interested in the welfare of the corporation. It was he who stood to lose by a successful fraud. All the other interested owners were engaged in perfecting the deception. Are we to turn away from court the only other person beneficially concerned because by some hocus-pocus a fictitious corporate entity is chargeable with notice? We answer that question in the negative. So far as the others were concerned, Alfred was the corporation. As the embodiment of the only untainted portion of the corporate personality, until he had knowledge of the fraud, there was no "discovery" within § 9405. *Cf.* Morrill v. Little Falls Mfg. Co. 53 Minn. 371, 378, 55 N. W. 547, 21 L. R. A. 174. This conclusion accords both with corporate theory and realistic thought. This court "simply will not let interposition of corporate entity or action prevent a judgment otherwise required." In re Trust Under Will of Clarke, 204 Minn. 574, 578, 284 N. W. 876, 878.

■ Bearing upon questions of diligence and duty to investigate, several rules are pertinent. There being a fiduciary relationship between the directors and the shareholders, 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 2096, the law does not require the beneficiary to anticipate the worst of his benefactor. Stark v. Equitable L. Assur. Society, 205 Minn. 138, 150, 285 N. W. 466. Nor is there a presumption that directors are dishonest or corrupt, which imposes upon stockholders the duty to investigate the books of the corporation under penalty of being charged with knowledge of their contents. Bilby v. Morton, 119 Okl. 15, 247 P. 384; Conrads v. Kasch (Tex. Civ. App.) 26 S. W. (2d) 732; Morgan v. King, 27 Colo. 539, 63 P. 416; *cf.* Dannmeyer v. Coleman (C. C.) 11 F. 97. Nor was there constructive notice of the default judgment so as to be a discovery within § 9405. Berkey v. Judd, 22 Minn. 287; Duxbury v. Boice, 70 Minn. 113, 72 N. W. 838; 17 Minn. L. Rev. 99.

Upon no theory was the action below justified. The order appealed from is reversed with directions to try the controversy up-

on the merits of the proposed answer. Morrill v. Little Falls Mfg. Co. 46 Minn. 260, 48 N. W. 1124.

So ordered.

