HERBERT BRAASCH,
Plaintiff below, Appellant,

and

IRVING L. TALLMAN, SOPHIE TALLMAN, NATHAN TURKIN
and SANDRA TURKIN,
Movants below, Appellants,

*vs.*

EDWIN F. MANDEL, FRANK E. MANDEL, FRED L. MANDEL, JR.,
LEON MANDEL, CAROLINA PANERAI MANDEL, WILLIAM M.
REDFIELD, HARRY E. STOLL and MANDEL BROTHERS, INC.,
Defendants below, Appellees.

*Supreme Court, On Appeal, June 14, 1961.*

*William E. Taylor, Jr.,* Wilmington, for appellants.

*Richard F. Corroon* and *Hugh Corroon,* of Berl, Potter & Anderson, Wilmington, for appellees, Alex Elson, Chicago, Ill., of counsel.

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and STIFTEL, Judge, sitting.

WOLCOTT, Justice: This is an opinion on a motion to dismiss an appeal taken from two orders of the Vice Chancellor entered in the above cause.

Herbert Braasch, a stockholder of Mandel Brothers, Inc. (hereinafter Mandel), filed a derivative action on behalf of himself and other stockholders against certain officers and directors of Mandel.

The complaint alleged that in August, 1960, Mandel sold all its assets to Weiboldt Stores, Inc. (hereafter Weiboldt), in exchange for stock of Weiboldt which under the plan was to be distributed *pro rata* to Mandel's stockholders. Following the distribution of the Weiboldt stock, Mandel was thereupon to be dissolved. The theory of the action was that in reality the sale of assets by Mandel to Weiboldt was a merger of Mandel into Weiboldt, and that, accordingly, Mandel's stockholders were entitled to an appraisal and payment for their shares under 8 *Del.C.* § 262.

Braasch filed his action August 16, 1960. Thereafter, an answer was filed denying the allegations of the complaint. On some undisclosed date, Braasch ceased to be a stockholder of Mandel, his stock having been sold by the broker in whose name it was registered and, consequently, on November 29, 1960, the defendants moved to dismiss the action on the ground that Braasch had no status to maintain it.

On December 7, 1960, one O'Neill, a stockholder of Mandel and the plaintiff in a similar Illinois action, moved to intervene in the cause. This motion to intervene was later withdrawn. After argument, on December 19, 1960, the Vice Chancellor entered an order dismissing the action with prejudice as to Braasch but without prejudice as to any other stockholder of Mandel.

On December 23, 1960 the Tallmans and the Turkins (hereafter Tallmans), stockholders of Mandel, moved to intervene in the action and to modify the order of December 19, 1960. The Vice Chancellor denied the motions to intervene and to modify from the bench, whereupon the Tallmans asked for reargument. On Janu-

ary 19, 1961 the Vice Chancellor entered an order denying the motions to intervene and to modify the order of December 19, 1960. Thereafter, Braasch and the Tallmans docketed an appeal both from the order of December 19, 1960 and the order of January 19, 1961. Following the docketing of the appeal, the defendants below, appellees here, moved to dismiss.

The motion to dismiss asserts under no condition is the appeal timely since it was not docketed within 60 days of the order of December 19, nor within 30 days of the order of January 19, if that be regarded as an interlocutory order. Braasch's standing as an appellant is attacked upon the ground that he is not a stockholder of Mandel and therefore has no standing to prosecute the appeal. The right of the Tallmans to maintain the appeal is attacked on the ground that they were not parties to the cause when it was dismissed, have not since become parties, and that the order of dismissal determined no substantial rights as to them since it was entered expressly as being without prejudice to all stockholders of Mandel, with the exception of Braasch.

We think the motion to dismiss the appeal must be granted. The order of dismissal of December 19, 1960 effectively disposed of the litigation without prejudice to anyone's rights. It is, of course, axiomatic that only parties whose rights are affected adversely by a judgment have the right to a review by way of appeal. 2 *Am.Jur., Appeal and Error,* §§ 146, 147.

It is apparent that Braasch has not been prejudiced or aggrieved by dismissal since, admittedly, at the time he was no longer a stockholder of Mandel and thus had no stockholder rights to be prejudiced and no standing whatsoever to maintain a derivative action as a Mandel stockholder. The appeal must therefore be dismissed as to him.

With respect to the Tallmans, they never became parties to the cause and, hence, have no right to a review of the dismissal. *March v. Beckman,* 98 *Vt.* 293, 127 *A.* 296. At the time their petition was presented to the Vice Chancellor there was no pending cause

in which intervention could have been allowed. By that time, the action had become extinct. We think it apparent that intervention of parties may be allowed only in a pending action. *Rule* 24 of the *Court of Chancery, Del.C.Ann.,* governing intervention clearly applies only to pending actions. The rule is modeled upon *Rule* 24 of the *Federal Rules of Civil Procedure, 28 U.S.C.A.,* which is defined as a procedural device to permit intervention in a pending cause. 4 *Moore's Federal Practice,* § 24.02. See also *Mullins v. DeSoto Securities Co., D.C.,* 2 *F.R.D.* 502.

The Tallmans argue, however, that the cause was still pending when they petitioned to intervene since they did so within the permissive time under *Chancery Rule* 174 for the filing of motions for reargument, and that, therefore, the dismissal was not final. We think the argument misconceives the nature and function of *Rule* 174. Motions for reargument are permitted within five days after the filing of an opinion, or receipt of a decision, which we think in the context of the rule are synonymous and require the further entry of an order giving effect to the decision announced. The order of December 19, 1960, however, was a final order effective immediately and, accordingly, *Rule* 174 has no application.

The Tallmans cite *Manahan v. Petroleum Producing & Refining Co.,* 198 *App.Div.* 192, 189 *N.Y.S.* 127; *Lenhart v. Lenhart Wagon Co.,* 210 *Minn.* 164, 298 *N.W.* 37, 135 *A.L.R.* 833, and *Senne v. Conley,* 110 *Colo.* 220, 133 *P.2d* 381, in support of the argument, but these cases are not in point for they involved the reopening of judgments entered by reason of collusion and fraud between the parties to the prejudice of the intervenors' rights. The case at bar presents no element of fraud or collusion. Furthermore, the rights of Mandel's stockholders were expressly preserved. The Tallmans have pointed out to us no case in which intervention was permitted under these circumstances. As a matter of fact, there is nothing we can see to prevent the Tallmans from commencing a new action upon the same theory if they so desire. Furthermore, at the time the similar Illinois action was still pending and without difficulty, since they were residents of Illinois, they could have attempted to intervene in that action.

The Tallmans also argue that as Mandel stockholders they had an absolute right to intervene in this derivative action. We do not reach the question as to whether a stockholder may intervene as of right or only permissively in such actions, however, for as we have pointed out in this case there was no pending action in which to intervene.

██ Finally, the Tallmans, as part of their motion to modify the order of December 19, proceeded under *Rule* 60(*b*) for relief from a judgment. This rule, however, is confined to motions by "a party or his legal representative" and, consequently, they labor under the same difficulty of never having become parties.

The motion to dismiss the appeal is granted.