TOWN OF SOUTHBURY *v.* AMERICAN BUILDERS, INC., ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued April 4—decided April 19, 1972

*Harry Cohen,* with whom, on the brief, was *Sorrell Weiner,* for the appellants (defendants).

*J. Warren Upson,* with whom were *W. Fielding Secor,* and, on the brief, *Donald McPartland,* for the appellee (plaintiff).

PER CURIAM. By amended complaint, the plaintiff town of Southbury sought an injunction to compel the defendants to vacate and demolish a building in Southbury, on the ground that the building violated the Southbury zoning regulations. The defendant answered, filed five special defenses and a counterclaim asking for a judgment declaring the zoning regulations of the plaintiff town null and void. The trial court rendered judgment for the plaintiff on both the complaint and the counterclaim.

During oral argument the defendants acknowledged that they no longer had any interest in the premises in question because of a foreclosure subsequent to this appeal. Although a party may have had an appealable interest in a controversy, if, after judgment, his interest is either conveyed or transferred absolutely or terminated by operation of law, his right to appeal is lost, since he no longer has any interest in the litigation and is not injured by the result of the action. *Newton* v. *Barnett,* 146 Conn. 344, 346, 150 A.2d 821; *Braasch* v. *Mandel,* 40 Del. Ch. 12, 172 A.2d 271; 4 Am. Jur. 2d, Appeal and Error, § 179.

As to the counterclaim, nowhere therein is there any allegation made that the defendants have any interest which would be affected so as to give them standing to prosecute their counterclaim. Before the hearing of this appeal the plaintiff had moved to dismiss it on the ground that the defendants lacked standing to prosecute it. *Southbury* v. *American Builders, Inc.,* 162 Conn. 638, 284 A.2d 306. On the information then before us and, in the absence of a full record, we were unable to determine the merits of that motion and it was, therefore, denied.

Having now on the appeal examined the full record and having the benefit of full briefs and arguments of counsel, we conclude that the defendants did not allege sufficient interest or standing on the subject matter to prosecute their counterclaim. *Avery's Appeal,* 117 Conn. 201, 206, 167 A. 544; 4 Am. Jur. 2d, Appeal and Error, § 182.

As to the appeal from the judgment on the amended complaint, it is dismissed. As to the appeal from the judgment on the counterclaim, the case is remanded with direction to dismiss the counterclaim.