[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from an action of the defendant zoning board of appeals. The plaintiff, B D Associates, had owned a property which it sold to Karl and Melissa Schroeder as a building lot. The zoning enforcement officer had issued a zoning CT Page 7674 permit for this property owned. The zoning permit was a prerequisite for issuance of a building permit. C.G.S. § 8-3(f). The zoning enforcement then rescinded the zoning permit. The defendant zoning board of appeals upheld the zoning enforcement officer's recision of the zoning permit. This appeal followed.
The plaintiff had claimed aggrievement by virtue of ownership of property which abuts and is within 100 feet of the Schroeder property. The file indicated that plaintiff might not now own the property upon which the aggrievement is claimed.
The file also indicated that a zoning permit and a building permit had been issued for the Schroeder property.
There are also indications that a zoning permit and a building permit have been issued for the Schroeder property. If this were so, the court believed it could not grant any practical relief, the appeal would be moot and the court would not have jurisdiction.
The court therefore issued an order to show cause why this court should not be dismissed for lack of aggrievement and mootness.
The parties appeared and were heard on the order to show cause on October 7, 1996.
At that time, it appeared the plaintiff's property which abutted the Schroeder property is no longer owned by plaintiff. However, plaintiff still owns property which is within 100 feet of the subject Schoeder property. Transcript of Proceedings, 10/7/96, pp. 3-4. Thus, plaintiff may establish aggrievement.
The parties also informed that zoning and building permits had been issued for the Schroeder property. Transcript of Proceedings, 10/7/96, pp. 2-3. It seems to the court that there is no practical relief that this court could grant to the plaintiff in this appeal from the decision of the defendant zoning board of appeals. The plaintiff's appeal contains a "Demand For Relief." It reads:
"THE PLAINTIFF CLAIMS THE FOLLOWING RELIEF:
"1. An order reversing the decision of the Defendant Zoning Board of Appeals. CT Page 7675
"2. An order to reissue the rescinded zoning permit.
"3. Its Costs."
Complaint-Appeal From The Zoning Board of Appeals Of The Town Of North Stonington, Demand For Relief.
The relief plaintiff specifically asked for has already been afforded.
Plaintiff points out that this appeal raises issues, serious issues, concerning the integrity of the process employed, that plaintiff's reputation and that of its partners have been tarnished at the least. Plaintiff claims these issues should be decided on the merits and that this case is the vehicle by which these should matters should be resolved.
The court was informed of the plaintiff's position on why this case was not moot:
 MR. DOUGLASS: While we are aggrieved by virtue of being within a hundred feet, the actual classical aggrievement that we have remains, which is our personal reputations have been damaged by the action of the ZBA. Our business has been and continuing to be damaged by this action of the ZBA. And we have considerable exposure in the situation that has resulted from the action of the ZbA. This is ongoing.
 Your Honor, we are not Schroeder, and it isn't Schroeder's house or Schroeder's permits or even the abutting Lot 402 that are at issue here before the Court. Those are not the controversy, as we see it. What our case here is about, the reason we brought our appeal, is that the defendant has arbitrarily misapplied the zoning regulations to Schroeder's lot after we sold it. And then they used that misapplication to rescind Schroeder's zoning permit while we had our certificate of compliance to sell this second lot.
 They tried then to mask this illegal action by falsely claiming that we, the plaintiff, misled the ZEO which justified their action. This claim is contradicted by the facts, and that's the importance of this case. That's CT Page 7676 the issue that we appealed the ZBA's decision for, and we did it under 8-8.
 We need the Court to — there may be further actions in this case, but not today, not here. But without the decision for this Court regarding these zoning issues, we are held at this time with the ZBA's decision standing as it does, we are being held as having hoodwinked the ZEO and our customers. And this is on record on file in the town hall, and it's an ongoing damage to our reputations and our business daily.
 And now this issue came up, I guess it was 1994. And section 8-8 tells us we have to get this resolved and get relief. Here we are, it's 1996. So we have suffered considerable harm and damage and it's still going on and will continue to go on until this Court reviews the decisions that we are talking about. It's not to do with whether Schroeder is living in his house or whether his lot complies or not. I mean, that's a done deal. Something happened there and it's done. But the decisions made are illegal. The zoning board upheld an illegal action by the misapplication of these regulations, the zoning regulations.
 Now, I was a member of the planning and zoning commission. I was chairman once, I was also vice chairman and I helped to draft this particular regulation, so I am somewhat familiar with it; I voted to adopt it. And this misapplication is causing us ongoing harm. We must have a review. It's obviously a justiciable controversy. They're here, it's ongoing, and the exposure issue is clearly important for both us and the defendant. So we would ask that the Court review it.
 The remedy, 8-8f gives the Court the list of remedies and finding error. We ask the Court find error in the ZBA's decision, upholding the error of the ZEO in misapplying the regulations, misusing the regulations and rescinding the permit illegally. That's another issue that can come up. We have five more lots in the same area including the two that are within a hundred feet directly across the street. I mean, that is another ongoing issue. You can't just rescind an action. And without due process, that's right. So you brought up the issue of practical relief, CT Page 7677 the finding of this Court finding error in the ZBA's decision and finding error in the ZEO's actions, is a practical relief for us in itself.
 They can't blame us then for their mistake with the regulations, and they can't continue to rescind permits illegally. If we don't get a review before the Court, then we see a miscarriage of justice, your Honor.
Transcript of Proceedings, 10/7/1996, pp. 4-7.
* * *
 MR. BLODGETT: We have an ongoing relation with the Town, and our business, we have more lots to sell. We have an outstanding zoning permit now on a lot we are trying to sell. And at the time this happened, I was chairman of the water pollution control authority. I'm past chairman of the North Stonington Planning and Zoning. I'm vice chairman and secretary. I served on the board a good many years. What we've got here is a case of political dirty tricks is what it amounts to. And before an election, the first selectman got involved. But the zoning issue, some of them have disappeared. Some of the relief we prayed for is no longer relevant, that's very true. But there are the remaining issues that we are now asking relief for that are really the critical ones.
 And if you find error that the zoning board of appeals heard in their upholding of the ZEO that they feel removes our exposure, which is quite high, in this case tens of thousands of dollars are involved, and the Town is obviously trying to limit or cap off their exposure by blaming us, where actually, their zoning decisions, they misapplied the regulations.
 The legal status of the land is what's at question, not whether there's a house, not whether we sold lot 402 or not. They changed the legal status of the land by an erroneous decision, misapplying the zoning regulations, said we misled them.
 So where we sold Schroeder a lot that was non-conforming, they came back and yanked that away, changed their decision, and say, no, we were wrong. They did this to benefit their CT Page 7678 friends. That can come out easily, their motive in the case. It's not appropriate here, I'm sure; but that will come out. What they did was so blatant, really transparent as to why they are trying to get this case dismissed, misreading and focusing on the issue of due process for us, our ongoing relation. They can pull this same trick again and again, and we think they will if they're not stopped.
 That's why we are here. We feel this controversy is real. It's ripe for judicial review. And your relief is so simple, just to find error of the ZBA. That not only vindicates us, but it restores the necessity of them following due process when we do rescind. We had a valid certificate of compliance that was ignored. Now Schroeder is saying we didn't get the land that we brought. The statutes of fraud last a long time. We have considerable exposure; the Town is trying to cast theirs off.
THE COURT: Has Schroeder brought an action against you?
 MR. BLODGETT: He is sitting there ready to bring an action, I think, depending upon the zoning decisions, and of course we followed the administrative processes which we have now exhausted issues we brought, just the zoning issues before this Court.
 We have tried to give you a little bit of the motive, but the zoning issues remain to be resolved, reviewed by this Court. And if not this Court, how would we get these reviewed by a Court? What court would it be? And that's what we can't answer, other than what 8-8 provides.
Transcript of Proceedings, 10/7/1996, pp. 9-11.
* * *
 MR. BLODGETT: Just in reading, I guess, which is essentially the same statute that is current, the Court may reverse or affirm wholly or partly or may modify or review the decision appealed from. I guess we are just asking you to reverse the decision and do nothing more, wholly reverse it.
And I think in not doing that two things are being blessed CT Page 7679 here by the Court, in effect, that zoning can take action that has considerable impact, without following the due process and the specified procedures in their own regulations for rescinding a permit that is issued for one year. The permits are good for a year. We have a valid one here. We sell this lot and a new zoning enforcement officer which is not sitting would say, I don't agree with this and rescind it. And the damage and exposure to us makes us look terrible.
THE COURT: I understand.
 MR. BLODGETT: That's where I'm going. And of course, the second thing is that since they have accused us of misleading, our business reputation has basically been ruined. And they pass this on to our potential clients.
 In the meantime, their friends are enriching themselves in the same area while we are tied up with this matter. There is got to be some kind of justice for us in some court.
 And we thought the zoning issues that do remain, not Schroeder's house, not 402, but the fact that we held a certificate, we paid taxes on those lots for a good number of years, high taxes, as building lots. And you see after we sold them, we relied on the zoning regulations, then they changed their minds for political purposes. But that's another issue, like she said.
 THE COURT: Well, had this case — well, I don't know what you could have done. I didn't recognize until this moment or three minutes ago that the variance had been issued to the Schroeders as early as she — as counsel has just stated.
 MR. BLODGETT: Could I address that about that variance, your Honor?
THE COURT: Go ahead.
 MR. BLODGETT: What initially happened is they said that the lot was non-conforming, and it had been for a number of CT Page 7680 years. We had that certificate of compliance. After we sold the lot as a non-conforming lot, they changed their mind and say, no, it's a 611 lot, a back lot, which it cannot be.
 And then I'm sure they realize their mistake and said, well, what can we do to correct it? let's get a house on Schroeder's lot as fast as we can. So then they vary 611, which it can't be 611, in other words to try to get a house on Schroeder's lot so Schroeder wouldn't sue them. That probably diminished their exposure to some degree. But it did nothing for our exposure.
 And if it isn't this Court that can review this, we don't know what that court can be, because it's a pure zoning issue we are bringing to this Court. The other issues are for another action that could be brought later by some party. But we are here purely for the zoning issues that still are alive, and we don't know what other Court we can go to.
 THE COURT: Well I don't know the answer to that question. I suggest to you that it's this, if there's a relief in this stage, this Court is the only game in town. But not in this, as I see it, not in this particular action.
 The vehicle you have taken to get into this court, an appeal from the ZBA under 8-8, I believe this action is moot. Because the ultimate relief you sought has already been granted somewhere else, and I don't think I can do anything.
 MR. BLODGETT: We weren't seeking that relief, once it became moot, once the Schroeders built their house or issued their permit; but the other issues that remain are not moot, and that's why we are here.
Transcript of Proceedings, 10/7/96, pp. 9-17.
The Supreme Court has recently reeunciated the rule in the context of a personal injury case. It stated:
 "We do not reach the merits of the parties' arguments, however, because, in light of certain concessions made CT Page 7681 by the plaintiff during oral argument in this court, we determine that the case is moot and, accordingly, we have no jurisdiction to entertain the appeal.
 "Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. See Goodson v. State, 228 Conn. 106, 114, 635 A.2d 285 (1993), rev'd, 233 Conn. 175 [232 Conn. 175], 653 A.2d 177 (1995); Gagnon v. Planning Commission, 222 Conn. 294, 297, 608 A.2d 1181 (1992); Sadlowski v. Manchester, 206 Conn. 579, 583, 538 A.2d 1052 (1988), on appeal after remand, 235 Conn. 637, ___ A.2d ___ (1995). The issue of mootness often arises in the latter stages of the appeal process, when actions of the parties have resolved the underlying dispute between them. See Sobocinski v. Freedom of Information Commission, 213 Conn. 126, 134-35, 566 A.2d 703 (1989). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) St. Pierre v. Solnit, 233 Conn. 398, 400-401, 658 A.2d 977 (1995). "An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal." Sobocinski v. Freedom of Information Commission, supra, 134-35. "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) Loisel v. Rowe, 233 Conn. 370, 378, 660 A.2d 323
(1995); In re Romance M., 229 Conn. 345, 357, 641 A.2d 378 (1994); see also Sobocinski v. Freedom of Information Commission, supra, 134; Nader v. Altermatt, 166 Conn. 43, 56, 347 A.2d 89 (1974); Southbury v. American Builders, 162 Conn. 633, 634, 295 A.2d 566
(1972). The determination of whether a claim has become moot is fact sensitive, and may include the representations made by the parties at oral argument. Cf. Loisel v. Rowe, supra, 378." Ayala v. Smith, 236 Conn. 89, 93-94 (February 20, 1996).
CT Page 7682
See also, Gagnon v. Planning Commission, 222 Conn. 294 (1992; andBakerville Lumber Construction Co. v. Planning ZoningCommission, 38 Conn. App. 212 (1995).
If the court were to conduct a full review of the plaintiff's claim and find that each and every one was true, it could do nothing which has not already happened, i.e. order a zoning permit be issued. This case is squarely within the the mootness doctrine. The matter is moot. It must be dismissed.
It is so ordered.
Parker, J.