[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A hearing was held on this appeal on September 21, 1998, when this court heard testimony from one witness, Thomas Bombero (hereinafter the appellant). He is the owner of an undivided one-half interest in a residential dwelling at 73 Huntington Street in Bridgeport located in an A-residence zone (plaintiff's exhibit A). It is undisputed that the appellant had rented this dwelling to between ten and twelve individuals from some time prior to October, 1994 to December of 1997. Since December, 1997 to the present time, or for about the last nine months, he rented this same dwelling to a single parent with one child for $800.00 a month.
On October 6, 1994, the Zoning Enforcement Officer for the Bridgeport Zoning Commission, Dennis Buckley, issued a cease and desist order on the appellant for maintaining a men's rehabilitation home, a use not permitted in an A-residence zone. (Plaintiff's exhibit C.) On October 14, 1994, the appellant petitioned the Bridgeport Zoning Board of Appeals (hereinafter the ZBA) to rescind the cease and desist order. After a public hearing, the ZBA denied the petition.
The appellant's attorney argued that the ten to twelve individuals using this dwelling was "a family" as defined in the Bridgeport zoning regulations. Chapter 26, subsection 10, of the regulations defines a family as: "any number of individuals living and cooking together as a single housekeeping unit." (Defendant's exhibit 1, Bridgeport Zoning Regulations.) It was undisputed that the tenants paid the monthly rent to the appellant with one check and cooked their meals together as a single housekeeping unit. The appellant's attorney argued further that these ten to twelve unrelated individuals were a "family" under the zoning regulations and was a permitted use in an A-residence zone.
The attorney for the defendant City of Bridgeport argued this use was more of a rooming house as defined in Chapter 26, subsection 18 of the zoning regulations, which state: "as a dwelling occupied as a residence of the owner . . . in which CT Page 10749 rooms for living purposes are provided for compensation to three or more persons other than members of the family of such owner. . . ." (See defendant's exhibit 1, Bridgeport Zoning Regulations, subsections 10 and 18.) A rooming house is not a permitted use in this A-residence zone.
The appellant seeks a decision from this court on the issue in controversy because he may wish to resume renting this dwelling to ten or twelve individuals as a men's rehabilitation home some time in the future. It is conceded there is no controversy existing at the present time. The City of Bridgeport has no objection to the present use. It concedes the dwelling is being rented by a family, i.e., a single parent and her son, for $800.00 a month since December 1997 to the present time. This use is permitted in this A-residence zone.
 "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical reliev can follow." (Internal quotation marks omitted.) St. Pierre v. Solnit, 233 Conn. 398, 400-401, 658 A.2d 977 (1995). "An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal." Sobocinski v. Freedom of Information Commission, supra, 134-35. "When, during the pendency of an appeal, events have occurred that preclude this court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) Loisel v. Rowe, 233 Conn. 370, 378 (1995).
This case is squarely within the mootness doctrine. The matter here is moot; therefore, this appeal must be dismissed.
PETRONI, J.