## WILLIAM AYALA *v.* GISELE SMITH ET AL.
## (15193)

Peters, C. J., and Callahan, Borden, Norcott and Palmer, Js.

Argued December 5, 1995—decision released February 20, 1996

*Nicholas T. Kocian,* with whom, on the brief, was *James J. Dunham, Jr.,* for the appellant (plaintiff).

*Robert E. Young,* for the appellee (defendant John Doe).

NORCOTT, J. The principal issue raised by this appeal is whether, under our rules of practice, a plaintiff may maintain an action against a defendant whose identity is unknown to the plaintiff and is therefore referred to as "John Doe." Because we determine that the plaintiff's claim is moot, however, we do not reach this issue and dismiss the appeal for lack of subject matter jurisdiction.

The relevant factual and procedural background is as follows. On August 25, 1992, the automobile in which the plaintiff, William Ayala, was a passenger was involved in an accident at the intersection of Broad Street and Park Street in the city of Hartford. The owner and operator of the vehicle in which the plaintiff was riding was Francisco Javier. The operator of the other vehicle involved in the accident, which allegedly made an improper left turn in front of Javier's vehicle, abandoned his vehicle, fled the scene and has never been identified.[1] The plaintiff learned shortly after the accident that the other vehicle had been leased from Agency Rent-A-Car (Agency) by Gisele Smith.

On July 9, 1993, the plaintiff commenced a negligence action against Smith, the unknown driver of the other vehicle identified in the writ as "John Doe," Agency and Javier to recover for injuries he had sustained in the accident. Agency filed a cross complaint against Smith, Doe and Javier.[2] On March 16, 1994, Robert E. Young, the attorney for Agency, acting on behalf of Doe, filed a motion to dismiss the plaintiff's action as against Doe, on the ground that the trial court lacked personal jurisdiction over Doe because: (1) the rules of practice

---

[1] Two alleged eyewitnesses to the accident claimed to have seen two unidentified males flee the other vehicle immediately after the accident had occurred.

[2] Counts five and six of Agency's seven count cross complaint were directed to Doe alleging, respectively, indemnification and negligence.

do not permit a plaintiff to proceed against an unknown defendant; and (2) service of process had never been properly effectuated against Doe.[3] Subsequently, the plaintiff deposed Smith, who could not recall whether, or to whom, she might have loaned the vehicle that she had rented from Agency.[4] On August 30, 1994, the trial court granted the motion to dismiss the plaintiff's action as to Doe, citing "insufficient service of process" as the ground. The plaintiff appealed from the judgment of the trial court to the Appellate Court and we transferred the case to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 4023.

On appeal, the plaintiff urges this court to adopt a rule that would permit a party to institute and maintain an action against an unidentified person, under a fictitious name, for a "reasonable time period" within which to attempt to discover that person's identity.[5] With regard to service of process, the plaintiff claims that Doe was properly served by the delivery of copies of the writ, summons and complaint to the commissioner of motor vehicles pursuant to General Statutes § 52-

---

[3] The plaintiff attempted to effect service of process on Doe by serving a copy of the complaint, writ and summons upon the commissioner of the department of motor vehicles of the state of Connecticut pursuant to General Statutes § 52-63. He also sent a copy of the complaint, writ and summons to Doe at Smith's last known address.

[4] Although the plaintiff argues that he experienced difficulty in locating Smith and in taking her deposition, he does not claim that he had been improperly prevented from taking her deposition either by Smith or the trial court. Moreover, he concedes that once he deposed Smith, prior to the trial court's granting of Doe's motion to dismiss, there were no other avenues he could have pursued to locate Doe.

[5] In his brief to this court, the plaintiff argued that a party should be permitted to maintain an action against an unknown defendant "until such time as [the unknown defendant's] identity *is discovered*." (Emphasis added.) At oral argument, however, the plaintiff modified his position, claiming that an action against an unknown defendant should be permitted to stand for a "reasonable time" in which to conduct discovery regarding the defendant's identity.

63,[6] and to Doe at Smith's last known address. Doe argues that the rule proposed by the plaintiff is unsupported by authority in this state regarding the use of fictitious names in a lawsuit and, with regard

[6] General Statutes § 52-63 provides: "Service upon motor vehicle operator or owner not found at his recorded address. (a) Any operator or owner of a motor vehicle at the time of issuance of his license or registration shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action against him on account of any claim for damages resulting from his alleged negligence or the alleged negligence of his servant or agent in the operation of any motor vehicle in this state may be served upon the commissioner as provided in this section and shall have the same validity as if served upon the owner or operator personally, even though the person sought to be served has left the state prior to commencement of the action or his present whereabouts is unknown.

"(b) Service of civil process may be made on a motor vehicle operator licensed under the provisions of chapter 246 by leaving a true and attested copy of the writ, summons and complaint at the office of the commissioner of motor vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return receipt requested, to the defendant at his last address on file in the motor vehicle department if (1) it is impossible to make service of process at the operator's last address on file in the motor vehicle department, and (2) the operator has caused injury to the person or property of another.

"(c) Service of civil process may be made on the owner of a motor vehicle registered under the provisions of chapter 246 by leaving a true and attested copy of the writ, summons and complaint at the office of the commissioner of motor vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return receipt requested, to the defendant at his last address on file in the motor vehicle department if (1) it is impossible to make service of process at the owner's last address on file in the motor vehicle department, (2) the owner has loaned or permitted his motor vehicle to be driven by another, and (3) the motor vehicle has caused injury to the person or property of another.

"(d) If service of process is made at the office of the commissioner of motor vehicles pursuant to subsection (b) or subsection (c) of this section, the officer making such service shall certify on the process that he has made a diligent effort to obtain service at the address of the owner or operator on file in the motor vehicle department and has been unable to make such service.

"(e) Service of process pursuant to this section shall be sufficient to confer jurisdiction of any such action upon the court to which the process

to service of process on Doe, that § 52-63 does not contemplate service on the commissioner of motor vehicles on behalf of an unknown party, and thus Doe was never properly served. We do not reach the merits of the parties' arguments, however, because, in light of certain concessions made by the plaintiff during oral argument in this court, we determine that the case is moot and, accordingly, we have no jurisdiction to entertain the appeal.

Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. See *Goodson* v. *State*, 228 Conn. 106, 114, 635 A.2d 285 (1993), on appeal after remand, 232 Conn. 175, 653 A.2d 177 (1995); *Gagnon* v. *Planning Commission*, 222 Conn. 294, 297, 608 A.2d 1181 (1992); *Sadlowski* v. *Manchester*, 206 Conn. 579, 583, 538 A.2d 1052 (1988). The issue of mootness often arises in the latter stages of the appeal process, when actions of the parties have resolved the underlying dispute between them. See *Sobocinski* v. *Freedom of Information Commission*, 213 Conn. 126, 134–35, 566 A.2d 703 (1989). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *St. Pierre* v. *Solnit*, 233 Conn. 398, 400–401, 658 A.2d 977 (1995). "An actual controversy must exist not only at the time the appeal is taken, but also through-

is returnable. The court may proceed to determine the issues in the action and render final judgment but the court may, in its discretion, require further order of notice to the operator or owner.

"(f) The officer serving such process upon the commissioner of motor vehicles shall leave with the commissioner, at the time of service, a fee of five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in the action. The commissioner of motor vehicles shall keep a record of each such process and the day and hour of service."

out the pendency of the appeal." *Sobocinski* v. *Freedom of Information Commission*, supra, 134–35. "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995); *In re Romance M.*, 229 Conn. 345, 357, 641 A.2d 378 (1994); see also *Sobocinski* v. *Freedom of Information Commission*, supra, 134; *Nader* v. *Altermatt*, 166 Conn. 43, 56, 347 A.2d 89 (1974); *Southbury* v. *American Builders*, 162 Conn. 633, 634, 295 A.2d 566 (1972). The determination of whether a claim has become moot is fact sensitive, and may include the representations made by the parties at oral argument. Cf. *Loisel* v. *Rowe*, supra, 378.

At oral argument, the plaintiff conceded that: (1) at the time the trial court granted the motion to dismiss his claims against Doe, a "reasonable time" had already passed for discovery of the unknown driver's identity, further inquiry into Doe's identity at that point would likely have been fruitless and, in all likelihood, Doe will never be identified; and (2) with respect to the relief sought in the underlying action for personal injuries, the plaintiff recently had reached a satisfactory financial settlement with his uninsured motorist insurance carrier, and he could not, therefore, recover from Doe even if Doe's identity were to be discovered in the future. Further, the plaintiff specifically conceded that, in light of these facts, even if he were to prevail on the merits of his appeal, this court could afford him no practical relief. It is clear, therefore, that, by his own admissions, the plaintiff has no present interest in pursuing Doe other than an academic one, and his claim falls squarely within the mootness doctrine.

At oral argument, the plaintiff urged us to reach the merits of his claim, nevertheless, arguing that it

addresses a difficult situation that is likely to recur, namely, that of a party seeking to bring suit on a claim, which is subject to a statute of limitations, against an alleged tortfeasor who is not readily identifiable. The plaintiff apparently relies on the well established exception to the mootness doctrine "for issues that are 'capable of repetition, yet evading review.' " Id. We are not persuaded, however, that the plaintiff's claim fits within this exception.

"Our cases reveal that for an otherwise moot question to qualify for review under the 'capable of repetition, yet evading review' exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will rise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." Id., 382–83.

While we acknowledge the plaintiff's dilemma and agree that it might well recur in the context of other motor vehicle accidents, we are not convinced that there is a strong likelihood that the substantial majority of cases in which a party in such a situation attempts, unsuccessfully, to maintain an action against the unknown defendant will become moot before completion of the appellate process. Id., 384. The trial court's dismissal of the plaintiff's claim against Doe for lack of personal jurisdiction is not an action of inherently limited duration. Id. Moreover, we see no reason why the issue presented in this case could not arise in a

future case in which a plaintiff will not have had the benefit of a reasonable time within which to attempt to discover an unknown defendant's identity, and in which the plaintiff's claim for damages will not have been otherwise satisfied and the plaintiff, therefore, will retain, during the appeal, a viable legal interest in identifying and obtaining proper jurisdiction over the unknown defendant. Thus, the exception is not applicable to the issue raised by the plaintiff in this case. In the absence of the existence of an actual dispute between the parties, the resolution of which can furnish some relief to the plaintiff, or an applicable exception to the mootness doctrine, we must dismiss the appeal.

The appeal is dismissed.

In this opinion the other justices concurred.