[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Richard A. Bieder and numerous other organizations and individual citizens of the state, named in their complaint, appeal an advisory opinion of the defendant state ethics commission holding that Commissioner of Insurance George M. Reider, Jr. had no conflict of interest in presiding over proceedings concerning the acquisition of the Aetna Casualty and Surety Company by the Travelers Insurance Group Inc. The defendant commission acted pursuant to General Statutes § 1-81 (a)(3). The plaintiffs appeal pursuant to §§ 1-87 and 4-183. Presently before the court is the defendant's motion to dismiss the appeal. The court finds in favor of the defendant commission.
The facts essential to the court's decision are not in dispute and are fully set out in the plaintiffs' complaint. On March 5, 1996, Insurance Commissioner Reider convened a hearing concerning the acquisition of the Aetna by the Travelers. The plaintiffs immediately demanded that the commissioner recuse himself, citing a purported conflict of interest. The commissioner refused at that time.
On the same day, the plaintiffs petitioned the defendant state ethics commission for a declaratory ruling, urging the commission to rule that the insurance commissioner did have a CT Page 4458 conflict that would prohibit him from hearing the Aetna-Travelers case.
On March 13, 1996, the insurance commissioner reversed his previous ruling and recused himself. He also vacated all of his rulings in the Aetna-Travelers case and designated the deputy insurance commissioner as the official to preside over the insurance department hearing.
On March 14, 1996, at the meeting of the defendant ethics commission, the plaintiffs withdrew their petition for a declaratory ruling on insurance commissioner's alleged conflict of interest. The commission determined, nevertheless, that it would issue an advisory opinion on the subject. It then proceeded to hear evidence, some of which was presented by the plaintiffs.
At some point thereafter, the defendant commission issued Advisory Opinion 96-7, holding that the insurance commissioner did not have a conflict of interest that would prevent him from presiding over the Aetna-Travelers case. It is that opinion that is the subject of the plaintiffs' appeal.
As is clear from the above summary of the undisputed facts in this case, the plaintiffs accomplished their objective of removing the insurance commissioner from the Aetna-Travelers case early on, before the defendant ethics commission even rendered an opinion on the subject. The commission's subsequent opinion — that the commissioner could have legally presided over the insurance department hearing if he chose — had no effect whatsoever on that proceeding, therefore. This conclusion, which seems inescapable, leads to the further conclusion that the court is in no position to grant the plaintiffs any practical relief in the present case. Even if the court were to sustain the plaintiffs' appeal, totally reversing the commission's findings and conclusions, the fact would remain that Commissioner Reider had already himself taken the very action that the plaintiffs had originally sought. A determination by this court that Reider did have a conflict of interest, therefore, could have no practical consequences at this time.
"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of . . . courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can CT Page 4459 follow. . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations and internal quotation marks omitted.) Ayala v. Smith, 236 Conn. 89, 93-94 (1996).
The plaintiffs, in an effort to breathe life into the controversy, point to a remark made by the general counsel of the ethics commission during its March 14 meeting, voicing the theory that any conflict of interest reposing in the insurance commissioner would also infect the deputy insurance commissioner. Since the deputy substituted for the insurance commissioner in the Aetna-Travelers case, the plaintiffs argue that the commission's advisory opinion exonerating the insurance commissioner has the effect of doing likewise for the deputy. They have appealed the deputy's decision (in a separate appeal to this court) and they claim, therefore, that the commission's advisory opinion in this case has become part of that controversy.
The fallacy in the plaintiffs' argument on mootness is that it is based on some theory of derivative conflict of interest that the commission never even considered in rendering the advisory opinion that is the subject of the present appeal. The theory appears nowhere in that opinion. Furthermore, General Statutes § 1-82(a)(3), which authorizes the ethicscommission to issue advisory opinions, does not grant any such authority to its general counsel. So whatever the general counsel may have said on the subject, if not explicitly included in the commission's advisory opinion, it is not part of that opinion. Assuming the plaintiffs' account of the general counsel's remark to be 100% accurate, the remark would still have no legal significance. The issue of the deputy insurance commissioner's possible conflict of interest in the Aetna-Travelers case is simply not before the court in this appeal.
The court concludes that under the circumstances of this case, it could grant no practical relief to the plaintiffs on their appeal. The case is moot and must, therefore, be dismissed.
The defendant commission also contends that the appeal must be dismissed because the plaintiffs cannot demonstrate that they are legally aggrieved by the commission's advisory opinion. CT Page 4460
General Statutes §§ 1-87 and 4-183, which authorize appeals of the commission's advisory opinions, specifically require that the person appealing be aggrieved by such opinion. Inasmuch as the court has determined that the case is moot, it is not necessary to analyze the issue of aggrievement at length. It suffices to say that the court agrees with the defendant commission that the plaintiffs have not demonstrated that any of their interests have been "specially and injuriously affected" by the commission's advisory opinion. They are not, therefore, legally aggrieved by the decision. New England RehabilitationHospital, Inc. v. Commission on Hospitals and Health Care,226 Conn. 105, 121 (1993).
For all of the reasons set forth above, the appeal is dismissed.
MALONEY, J.