[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff in this action for temporary and permanent injunctions is the town of Avon. It seeks an order from this court requiring the defendant commission on human rights and opportunities to dismiss the complaint that the commission itself initiated against the town pursuant to General Statutes § 46a-82
(b) and an order enjoining the commission from "taking any further action against Avon and its police department." Presently before the court is the commission's motion to dismiss this law suit. The court finds the issues in favor of the defendant commission.
The facts essential to the court's decision on the commission's motion are not in dispute. On April 14, 1994, the commission filed a complaint against the town pursuant to General Statutes § 46a-82 (b), alleging that the town, acting through members of its police department, implemented a discriminatory practice of stopping cars containing African American and Puerto Rican persons traveling through the town. The town filed an answer to the complaint, denying the allegations. The commission commenced an investigation of the complaint but it has not, as of the date of this action, issued a finding of reasonable cause or no reasonable cause for believing that the alleged discriminatory acts occurred.
General Statutes § 46a-83 (d)[1] provides, in relevant part, as follows:
 The investigator shall make a finding of reasonable cause or no reasonable cause in writing . . . not later than nine months from the date of filing of the complaint. . . .
On April 23, 1996, our Supreme Court rendered its decision inAngelsea Productions, Inc. v. Commission on Human Rights andOpportunities, 236 Conn. 681. The court held that the provisions of § 46a-83 (d), quoted above, are mandatory. The court further held that if the commission failed to make a reasonable cause determination within the nine month time period, it was required to dismiss the complaint for lack of jurisdiction.
On May 8, 1996, the legislature enacted Public Act 96-241, which became effective on June 6, 1996. That Act provides, in relevant part and as applicable in this case, as follows: CT Page 5596
 Notwithstanding any provision of the general statutes to the contrary, the (commission) shall have jurisdiction over any complaint I filed. . . . on or before January 1, 1996, which has not been finally adjudicated or resolved by action of the commission, that the commission would have had jurisdiction over but for the failure of the (commission) to comply with the time requirements of (section 46a-83 (d).
 If the commission fails to issue a determination of reasonable cause or no reasonable cause on any such complaint not later than January 1, 1997, the executive director of the commission shall issue forthwith a release of the complaint from the commission, allowing the complainant to bring a civil action. Upon receipt of a release pursuant to this section, the complainant may bring a civil action in accordance with the provisions of sections 46a-100, 46a-101, 46a-103
and 46a-104 of the general statutes. . . .
On January 3, 1997, noting that the commission's investigator had not yet made a determination of reasonable cause or no reasonable cause, the executive director of the commission issued a "Release of Jurisdiction Pursuant to Public Act 96-241." This document purports to grant the commission the right to bring a civil action against the town and concludes with the statement, "This dismissal is final and is not subject to further administrative or judicial review."
On January 8, 1997, the town filed a motion with the commission to dismiss the commission's complaint pursuant to theAngelsea decision. The commission has not acted on the town's motion, taking the position that it no longer has jurisdiction over the complaint.
In this civil action now before the court, the town seeks to force the commission in effect to vacate the commission's release of jurisdiction/dismissal of the civil rights complaint and, instead, grant the town's motion to dismiss the same complaint. The town also seeks to prevent the commission from bringing any action against it pursuant to the executive director's release. CT Page 5597
The basis of the commission's motion to dismiss the town's action is that events have rendered its demands moot.
"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to (the court's) jurisdiction; it is not the province of . . . courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow . . . An actual controversy must exist not only at the time the (action is brought), but also throughout the pendency of the (case) . . . When, during the pendency of (a case), events have occurred that preclude (a court) from granting any practical relief through its disposition of the merits, a case has become moot." (Citations and internal quotation marks omitted.) Ayala v.Smith, 236 Conn. 89, 93-94 (1996).
The town's effort in this law suit to force the commission to dismiss the civil rights complaint flays a horse that is long dead. The commission has acknowledged it has no jurisdiction over that complaint and has, in effect, dismissed it on its own motion. It would be pointless to revive the complaint now merely to indulge the town's desire to be the executioner. The town's dispute with the commission over the status of the expired civil rights complaint is moot.
As noted, the town also asks the court to enjoin the commission from bringing a civil action against the town in accordance with the terms of the release/dismissal of the commission's civil rights complaint at the commission level. In support of this request, the town argues (1) that the commission was without authority to grant to itself the right to sue the town and (2) that even if the commission had such authority under Public Act 96-241, it would not apply here because the Act grants the right only in cases of alleged employment discrimination under § 46a-60, not cases such as this one where general discrimination in violation of § 46a-58 is alleged.
Some additional facts, also undisputed, are relevant to this demand. At its regular meeting on February 13, 1997, the committee voted not to bring a civil action against the town concerning the subject matter of its former civil rights complaint. And, as of the date of this decision, the commission has not brought any such action in this court. CT Page 5598
The fact that the commission has not yet brought an action is of particular relevance. General Statutes § 46a-101 (e) provides that any action brought by a complainant upon a release of a complaint by the commission, as is the circumstance here, "shall be brought within ninety days of the receipt of the release from the commission." In accordance with that statute, the commission has been foreclosed from bringing a civil action against the town since April 3, 1997, the ninetieth day after January 3, 1997, which was the date the commission received the "release" of the complaint from its executive director.
Although the commission has not brought a civil action against the town and is now foreclosed from doing so by statute, the town has not withdrawn this action seeking an injunction against the commission and the court must deal with it.
The bases of the commission's motion to dismiss are that the controversy is not ripe for the court's action and, in the alternative, that the controversy is moot. Plainly, the controversy is now moot. The commission has signified that it has no intention of bringing any law suit and could not legally do so in any event.
For all of the foregoing reasons, the motion to dismiss is granted.
MALONEY, J.