[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Susan V. Tirrell appeals the decision of CT Page 8629 the defendant board of firearms permit examiners denying her application for a permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court determines that the issues presented by the appeal are moot.
Section 29-28 requires a person desiring a gun permit to apply to the local police of the town where the applicant has "a bona fide residence or place of business." In accordance with that statute, the plaintiff initially applied for a permit to the chief of police of West Hartford on February 8, 1995. At that time, she was a resident of that town, living in a dwelling at 122 Brunswick Avenue. The chief of police denied her application, and the plaintiff duly appealed to the board pursuant to § 29-32b.
In accordance with the latter statute, the board heard the appeal de novo. Following the hearing, the board denied the plaintiff's application, essentially affirming the decision of the West Hartford chief of police. It is that decision of the board which is the subject of this appeal.
Section 29-32b provides, in relevant part, that if the board finds that the local police wrongly refused to issue a permit, the board "shall order such permit . . . to be issued." Thus, if the plaintiff had prevailed before the board, the board would have been required simply to order the West Hartford police to issue the plaintiff the permit. Such remedy would be authorized, however, only if the plaintiff was residing in the town or had a place of business there. Otherwise, the West Hartford police, acting under § 29-28, would be powerless to issue the permit.
At the hearing on this appeal, the defendant board and the town of West Hartford, which has joined in defending the appeal, raised the issue of the plaintiff's residence. The court conducted an evidentiary hearing on that issue pursuant to § 4-183 (i). The plaintiff testified that she is an attorney and, at the time of her application for the gun permit, resided and practiced law in West Hartford. Sometime after the hearing before the CT Page 8630 board, she sold her residence in West Hartford and moved to Seattle, accompanying her husband when he was transferred there by the military. She has now returned to Connecticut and is currently staying with a friend in Southington. She neither owns nor rents property in West Hartford. She has no office in West Hartford and conducts no business there. She does maintain a business bank account in the West Hartford branch of People's Bank. She testified that she is looking for a home in West Hartford and intends to resume practicing law there.
Based on the evidence adduced at the court hearing, as summarized above, the court finds that the plaintiff is not a resident of West Hartford nor does she have a place of business there, within the meaning of § 29-28. The fact that she may intend to live and work in the town in the future is not sufficient to qualify her for a West Hartford gun permit. And, as noted, it is only that local permit that is at issue in this appeal.
"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of . . . courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations and internal quotation marks omitted.) Ayala v. Smith, 236 Conn. 89,93-94 (1996). The court lacks subject matter jurisdiction over a case that has become moot. Id., 93.
If the plaintiff were to prevail on the merits of her appeal in this case, the only appropriate remedy would be to remand the case to the board so that it could order West Hartford to issue the permit. See General Statutes § 29-32b(b). But, as a non-resident, the plaintiff is no longer eligible to receive a West Hartford permit. The court cannot, therefore, grant any practical remedy even if the plaintiff were to prevail on the merits. The issues raised by the plaintiff are simply CT Page 8631 moot.
In reaching the conclusion that the issues are now moot and that the court lacks subject matter jurisdiction, it must be emphasized that the court has not addressed any of the issues raised by the plaintiff in her appeal. This means, unfortunately, that the board's decision on the plaintiff's suitability to hold a gun permit in 1995 will never be subject to judicial review. It also means, however, that the plaintiff is free to apply again for a permit once she establishes residence in some Connecticut town.
The appeal is dismissed for lack of subject matter jurisdiction.
MALONEY, J.