[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants move to dismiss this administrative appeal on the grounds of mootness. For the reasons set forth below, the court agrees that this case is moot. The motion to dismiss is granted.
The plaintiff is a medical doctor licensed to practice medicine in Connecticut. The defendant Connecticut Medical Examining Board ("Board") is authorized pursuant to General Statutes § 20-13c to restrict, suspend or revoke medical licenses for reasons set forth under such statute. The defendant Department of Public Health ("Department"), on May 20, 1997, presented the Board with a Statement of Charges and Motion for Summary Suspension. The Board granted the Motion and suspended the plaintiff's medical license pending a final determination of the allegations contained in the Statement of Charges.
The Board held hearings on the Statement of Charges[1]
against plaintiff on June 6, 1997, July 15, 1997, August 26, 1997, and September 30, 1997.
While the decision was pending, plaintiff on three occasions (July 2, 1997, September 16, 1997, and October 21, 1997) moved for the Board to lift the Summary Suspension. The requests were denied and the Summary Suspension continued.
The plaintiff, on December 8, 1997, filed this appeal challenging the Summary Suspension of his medical license.
The Board, on January 21, 1998, issued a final decision based on the amended statement of charges. This decision in effect suspends plaintiff's medical license until he undertakes counseling of a psychiatric nature; at which time he will commence a five year period of probation.
The January 21, 1998 decision ends the period of Summary Suspension; which was only in place while the decision on the merits was pending.
The Department filed the record for this appeal on February 9, 1998 as well as the motion to dismiss.
Mootness implicates the subject matter jurisdiction of the court; thus the issue of mootness must be addressed before the merits of the appeal are considered. Ayala v. Smith,236 Conn. 89, 93 (1996). CT Page 2589
The defendants claim that the appeal of the Summary Suspension is now moot since the Summary Suspension is no longer in effect.
 It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal.
(Internal quotation marks omitted.) Napoletano v. CIGNAHealthcare of Connecticut Inc., 238 Conn. 216, 230 (1996), cert. denied, 117 S.Ct. 1106,137 L.Ed.2d 388 (1997). If "during the pendency of an appeal, events have occurred that preclude an appeal, events have occurred that preclude an appellate court from granting any practical relief though its disposition of the merits, a case has become moot." Loisel v. Rowe, 233 Conn. 370, 378
(1995).
The Summary Suspension is no longer in effect, thus there is no practical relief which the court can grant.
The plaintiff's appeal is dismissed.[2]
McWEENY, J.