[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The case is dismissed for lack of justiciability. The plaintiff has alleged that corrections officers inappropriately disciplined him and alleges that one or more officers lied about the incident. The disciplinary action against him was dismissed, as was his "grievance" against several officers. He seeks as relief a declaration that one or more defendants acted unlawfully, "injunctive relief to case retaliatory harassment", attorney's fees and costs, and other appropriate relief. At CT Page 14211 oral argument, the plaintiff stated that he was not seeking money damages, but only wanted the court to recognize that officers had lied.
I find that no practical relief can be granted and there is, therefore, no justiciable controversy. See Ayala v. Smith, 236 Conn. 89,93 (1996); Cottle v. Radgawski, 2000 Ct. Sup. 11810 (Purtill, J.T.R.) (2000). Even if facts were to be resolved favorably to the plaintiff, a declaration of improper conduct, without more, would afford no practical relief. Injunctive relief as to how to run the day to day affairs of a correctional institution is inappropriate; Washington v. Meachum,238 Conn. 692, 726 (1996); and an order to follow the law is redundant. Finally, I do not find the sequence of events alleged in the complaint meets the three-prong requirement for consideration pursuant to the "capable of repetition, incapable of review" doctrine. See Loisel v.Rowe, 233 Conn. 370, 382-83 (1995).
Beach, J. October 16, 2001