[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
 ISSUE AND SUBMISSION
The plaintiff, Embalmers' Supply Company, filed a three count complaint on May 2, 2001, against the defendants, Salvatore Giannitti, a CT Page 1569 shareholder in the plaintiff company, and Modugno, Modugno Modugno, LLC, the law firm representing Giannitti, alleging that the defendants had violated General Statutes § 52-568 (1) and (2) by commencing lawsuit against it without probable cause. The complaint is based on the following set of alleged facts. On February 3, 1999, Giannitti, represented by the defendant law firm, instituted a lawsuit against the plaintiff, seeking mandamus, attorney's fees and other relief. The basis for the complaint was that Giannitti had requested an inspection of Embalmers' corporate records in order to properly evaluate an offer made by Embalmers' to purchase stock back from Giannitti. Giannitti was allegedly allowed only partial inspection of the records and had his attorneys file suit pursuant to General Statutes §§ 33-948 and 52-487
to compel Embalmers' to allow his full inspection of its records.
Embalmers' filed a motion to dismiss the Giannitti action because its offer to purchase stock had expired and the defendants' complaint was moot. On May 18, 1999, the Superior Court, Mintz, J., granted the plaintiff's motion to dismiss, stating that since Embalmers' offer had expired, the purpose of Giannitti's request was no longer valid. Giannitti appealed, but the judgment was affirmed by the Appellate Court on January 9, 2001. Giannitti v. Embalmers' Supply Co., 61 Conn. App. 904
(2001). The defendants then filed for certification from the Supreme Court, which was denied on February 15, 2001. In the present case, Embalmers' is alleging that the lawsuit filed by Giannitti, and the subsequent appeal and petition for certification were commenced without probable cause.
The defendants filed the motion to dismiss now before the court on June 14, 2001, on the ground that Embalmers' vexatious litigation complaint is moot and that therefore the court lacks subject matter jurisdiction. The plaintiff filed a memorandum in opposition to the motion to dismiss on June 25, 2001.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998). "Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve." Avala v.Smith, 236 Conn. 89, 93, 671 A.2d 345 (1996). "A case becomes moot when CT Page 1570 due to intervening circumstances a controversy between the parties no longer exists." (Internal quotation marks omitted.) Domestic ViolenceServices of Greater New Haven v. Freedom of Information Commission,240 Conn. 1, 7, 688 A.2d 314 (1997). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997).
The defendants move to dismiss on the basis that "the current matter is moot in that the plaintiff allowed an inspection of the plaintiff's records but failed to provide all the records requested, the Defendant complied with the statute and the court cannot provide practical relief to the plaintiff." (Defendants' Motion to Dismiss, ¶ 4.) They argue that there was probable cause to bring suit against the plaintiff for failure to comply with their request for inspection and that their actions, therefore, cannot constitute vexatious litigation. The plaintiff argues that the defendants knew or should have known that the offer to purchase stock had expired and therefore the basis for the lawsuit was moot.
"A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." (Internal quotation marks omitted.) DeLaurentis v. NewHaven, 220 Conn. 225, 248, 597 A.2d 807 (1991). "Malice may be inferred from lack of probable cause. . . ." (Internal quotation marks omitted.)Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 708, 746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). See also NorseSystems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 593-94,715 A.2d 807 (1998).
The defendants' arguments, although characterized as ones of mootness, are in fact directed at the merits of the present controversy. Whether there was probable cause for the institution of the defendants' previous action against the plaintiff is a critical issue in resolving the plaintiff's present cause of action against the defendants for vexatious litigation. However, that issue is not appropriately resolved on a motion to dismiss which is primarily a vehicle to raise jurisdictional questions. The defendants have not raised a viable challenge to jurisdiction here. To contend there was probable cause for the prior suit does not establish that this case is moot, nor does it provide a basis for any other jurisdictional attack on the complaint; in fact, it simply CT Page 1571 underscores that there is an existing controversy between the parties.
The motion to dismiss is denied.
ADAMS, J.