[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: Motion to Dismiss of Defendant Dr. John Doe Anesthesiologist, #109
This decision grants the motion of defendant Dr. John Doe, anesthesiologist, to dismiss this action as to this defendant. The plaintiff has brought this action for medical malpractice against Charlotte Hungerford Hospital (hereafter, the Hospital) and various unidentified parties, sued anonymously as John and Jane Does. The plaintiff's complaint alleges that plaintiff entered the Hospital for a subtotal thyroidectomy on March 5, 1999, that prior to this surgery she was placed under anesthesia by an anesthesiologist that the complaint refers to as Dr. Jane Doe or Dr. John Doe, and that negligence on the part of the anesthesiologist, and of other also unidentified agents, servants or employees" of the Hospital, negligently caused her various harms and to incur certain expenditures.
The basis for this defendant's motion to dismiss is that the court "lacks jurisdiction as naming John Doe defendants in a complaint and writ is improper under Connecticut Practice." (Motion to Dismiss.) The memorandum in support of the motion claims that "[a]n action filed against an unidentified person referred to in a complaint and writ as "John Doe" is not authorized in Connecticut and a timely filed motion to dismiss such an action will be granted." (Memorandum of Law in Support of Defendant's Motion to Dismiss, page two.) In support of this proposition, the defendant cites various Superior Court decisions. The plaintiff filed no objection to the motion to dismiss, did not submit a memorandum in opposition thereto, and did not appear at short calendar when the motion was assigned for argument.
The present motion would provide this court an opportunity to address the question left unresolved in Ayala v. Smith, 236 Conn. 89, 90,671 A.2d 345 (1996) — whether "under our rules of practice, a plaintiff may maintain an action against a defendant whose identity is unknown to the plaintiff and is therefore referred to as `John Doe.'" Although one Superior Court judge has already addressed this issue, in CT Page 13700Brock v. A-1 Auto Service, 45 Conn. Sup. 525, 728 A.2d 1167 (Blue, J, 1998), that decision is not binding on other coordinate judges of the trial bench. As the plaintiff does not object to this motion,[1]
however, the court hereby grants the motion. Where a motion to dismiss presents novel, unresolved, or complex legal question, it is particularly beneficial to the court, and those who may in the future look for guidance to any decision issued, to have had input on both sides of the question.
Accordingly, the motion to dismiss is hereby granted.
BY THE COURT STEPHEN F. FRAZZINI JUDGE OF SUPERIOR COURT