[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Attorney Gregory P. Patti, one of the appellees in this appeal from the Court of Probate for the District of Fairfield, contends that this appeal should be dismissed as moot due to the death of the original appellant, Ann Stanley, who brought this appeal to contest the appointment of co-conservators of her estate and person. The substituted appellants, Michael Stanley and Arlene Stanley[1], claim that an actual controversy exists despite the death of Ann Stanley because the probate court approved fees for a conservator, a guardian ad litem, and a court-appointed attorney for Ann Stanley, which fees are being contested in another appeal from probate. For the reasons stated below, this court concludes that this appeal is moot and dismisses the appeal.
Mootness implicates this court's subject matter jurisdictions and thus is a threshold matter that must be resolved by this court. See Ayala v.Smith, 236 Conn. 89, 93, 671 A.2d 345 (1996). "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." State v. McElveen, 261 Conn. 198, 205, 802 A.2d 74
(2002).
The following events are relevant to this court's inquiry with respect to mootness. On May 13, 1999, the Probate Court for the District of Fairfield appointed Gregory Patti, Esq. and Michael Stanley as co-conservators for the estate and person of Ann Stanley. On June 10, 1999, the Probate Court entered a decree allowing an appeal by Ann Stanley. In her application for appeal, Ann Stanley alleged that "she is aggrieved by the order and decree of this [the probate] court." On September 14, 1999, the Probate Court found that Ann Stanley was no longer in need of a conservator and ordered that "the Conservatorship of Ann Stanley . . . is hereby released." On June 5, 2000, Ann Stanley died.
Clearly, Ann Stanley appealed from the probate court's decree to CT Page 14165 contest the necessity of a conservatorship for her estate and person. Before Ann Stanley died, she filed in this court a pleading entitled "Ann Stanley's Reasons for Appeal" wherein she alleged the following: she was (and still is) of sound mind, her affairs were being managed properly, she was being cared for properly, she had sufficient capacity to form an intelligent preference and had expressed a preference that Michael Stanley be her conservator, at the hearing [for appointment of an involuntary conservator] her court-appointed attorney took a position which was adverse to her, and, lastly, the basis for the [probate] court's ruling was the conduct (or alleged conduct) of someone else. These reasons are directed to the propriety of the probate court's finding that a conservatorship was necessary.
After the appeal was filed, the conservatorship was terminated by decree of the probate court. Like the death of an incapable, such event mooted the appeal, see Kern v. Strangle, 209 Conn. 260, 266-67,550 A.2d 1069 (1988), unless the injury suffered by Ann Stanley gave rise to a collateral injury from which the court can grant relief. See Statev. McElveen, 261 Conn. 198, 802 A.2d 74 (2002).
To overcome the charge of mootness, the substitute appellants, Arlene Stanley and Michael Stanley, contend that a controversy continues to exist because there is a dispute about legal fees and there is a possibility that a dispute could arise about the validity of Arlene Stanley's title to her mother's former home. In support of this contention, Arlene Stanley testified that Attorney Patti and two other persons have been awarded fees in the amount of $7,080.50 for services rendered in connection with the conservatorship. She further testified that her mother conveyed during the conservatorship the house to her by way of quit-claim deed. These matters were not alleged as a basis for aggrievement by Ann Stanley when she moved before the probate court for permission to appeal nor were matters alleged by her in her reasons for appeal that were filed in this court.
The dispute over legal fees is being addressed in another appeal, which was taken from the probate court decree awarding the fees. See Ann Stanley's Appeal from Probate, D.N. CV 99 036 86 21 (Judicial Dist. of Fairfield). With respect to the argument that Arlene Stanley's title to real property may be contested by someone in the future, no evidence was CT Page 14166 presented before this court that the executors of the decedent's estate or anyone else is contesting the transfer. This claim is speculative.
This appeal is moot and is, accordingly, dismissed.
 ___________________ THIM, J.